Adam R. Fox (State Bar No. 220584)
adam.fox@squirepb.com
Marisol C. Mork (State Bar No. 265170)
marisol.mork@squirepb.com
Hannah J. Makinde (State Bar No. 307907)
hannah.makinde@squirepb.com
Shima Vasseghi (State Bar No. 319985)
shima.vasseghi@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California  90071
Telephone:   +1 213 624 2500
Facsimile:   +1 213 623 4581

Attorneys for Defendant
JAMES CLARK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTWON JONES, an individual and California taxpayer,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity;<br>MICHAEL N. FEUER, in his individual and official capacities;<br>JAMES P. CLARK, in his individual and official capacities;<br>THOMAS H. PETERS, in his individual and official capacities;<br><br>Defendants. | Case No. 2:20-cv-11502-VAP-JC<br><br>*Hon. Virginia A. Phillips*<br><br>**DEFENDANT JAMES CLARK'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:       May 10, 2021<br>Time:       2:00 p.m.<br>Courtroom: 8A<br><br>Trial Date:  None Set |

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on May 10, 2021, at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Virginia A. Phillips, United States District Judge, in the above-entitled Court, located at 350 W. 1st Street, in Los Angeles, California, 90012, Defendant James Clark ("Clark") will and hereby does move the Court for an order dismissing with prejudice the Complaint filed against him in this action. Clark brings this motion pursuant to Rules 8(a), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiff Antwon Jones lacks standing, and his Complaint fails to plead a cognizable claim upon which relief can be granted.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 8, 2021, and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and upon such oral argument and other submissions that may be presented at or before the hearing on this Motion.

DATED:  March 15, 2021          Squire Patton Boggs (US) LLP


By:   _/s/ Adam Fox_
                    Adam R. Fox
                    Marisol C. Mork
            Attorneys for Defendant James Clark

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I. INTRODUCTION ............................................................. 1

II. STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT ............. 2

III. LEGAL STANDARDS ................................................... 4

IV. ARGUMENT ............................................................. 5

  A. Mr. Jones Lacks Standing to Assert the Taxpayer Action Claim Against Mr. Clark. ..................................................... 5

  B. Mr. Jones Fails to State A Cognizable Section 526a Claim Against Mr. Clark. ..................................................... 8

V. CONCLUSION ......................................................... 11

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. Wright*,
   468 U.S. 737 (1984) ..................................................................................... 4

*American Title Ins. Co. v. Lacelaw Corp.*,
   861 F.2d 224 (9th Cir. 1988) ...................................................................... 6

*Arizona Christian Sch. Tuition Org. v. Winn*,
   563 U.S. 125 (2011) ..................................................................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................... 5

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) ...................................................................... 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................. 4, 5

*Cal. Motor Transp. Co. v. Trucking Unlimited*,
   404 U.S. 508 (1972) ..................................................................................... 9

*Cantrell v. City of Long Beach*,
   241 F.3d 674 (9th Cir. 2001) ................................................................... 5, 6

*Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors*,
   944 F.2d 1525 (9th Cir.1991), *aff'd* 508 U.S. 49 (1993) .......................... 9

*Daimler Chrysler Corp. v. Cuno*,
   547 U.S. 332 (2006) ..................................................................................... 6

*E. R. Presidents Conference v. Noerr Motor Freight, Inc.*,
   365 U.S. 127 (1961) ..................................................................................... 9

*In re Gilead Scis., Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ..................................................................... 5

*Hoohuli v. Ariyoshi*,
   741 F.2d 1169 (9th Cir. 1984) ..................................................................... 6

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## TABLE OF AUTHORITIES

**Page(s)**

*Kentucky v. Graham*,
  473 U.S. 159 (1985) ........................................................................... 10

*Los Osos Comm. Servs. Dist. v. Am. Alternative Ins. Corp.*,
  585 F. Supp. 2d 1195 (C.D. Cal. 2008) ................................................ 1

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ........................................................................ 4, 5

*Luke v. Abbott*,
  954 F. Supp. 202 (C.D. Cal. 1997) .................................................... 10

*Marina Point Dev. Assocs. v. United States*,
  364 F. Supp. 2d 1144 (C.D. Cal. 2005) ............................................. 10

*Maya v. Centex Corp.*,
  658 F.3d 1060 (9th Cir. 2011) .............................................................. 4

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ................................................................ 4

*Or. Nat. Res. Council v. Mohla*,
  944 F.2d 531 (9th Cir. 1991) .............................................................. 10

*Papasan v. Allain*,
  478 U.S. 265 (1986) ........................................................................ 5, 6

*Reddy v. Litton Indus. Inc.*,
  912 F.2d 291 (9th Cir. 1990) .............................................................. 11

*Safe Air For Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2000) .............................................................. 4

*Salmon Spawning & Recovery Alliance v. Gutierrez*,
  545 F.3d 1220 (9th Cir. 2008) .............................................................. 7

*Sanders v. Lockyer*,
  365 F. Supp. 2d 1093 (N.D. Cal. 2005) ............................................... 9

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ......................................................................... 7

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

JAMES CLARK'S MOTION
TO DISMISS THE COMPLAINT
2:20-CV-11502-VAP-JC

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

*Starr v. Baca*,
 633 F.3d 1191 (9th Cir. 2011)........................................................................5

*Turner v. City & County of San Francisco*,
 No. C-11-1427, 2012 WL 6631490 (N.D. Cal. Dec. 19, 2012),
 *affirmed by* 617 F. App'x 674 (9th Cir. 2015) ...............................................6

*United Mine Workers v. Pennington*,
 381 U.S. 657 (1965) .......................................................................................9

**California Cases**

*Adams v. Superior Court*,
 2 Cal. App. 4th 521 (1992)............................................................................9

*City of Los Angeles v. Pricewaterhouse Coopers, LLP*,
 Los Angeles Superior Court, Case No. BC574690...................................*passim*

*Cota v. Cty. of L.A.*,
 105 Cal. App. 3d 282 (1980).........................................................................8

*Hansen v. Carr*,
 73 Cal. App. 511 (1925)..............................................................................10

*Silberg v. Anderson*,
 50 Cal. 3d 205 (1990)....................................................................................8

*Stanson v. Mott*,
 17 Cal. 3d 206 (1976)...............................................................................1, 7

*Tenwolde v. County of San Diego*,
 14 Cal. App. 4th 1082 (1993)...............................................................10, 11

*Weatherford v. City of San Rafael*,
 2 Cal. 5th 1241 (2017) (Cantil-Sakauye, C.J., concurring)...........................1

*Wise v. Thrifty Payless, Inc.*,
 83 Cal. App. 4th 1296 (2000).........................................................................8

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>**Page(s)**</u>

**Other State Cases**

*Jones v. City of Los Angeles*,
    Los Angeles Superior Court, Case No. BC577267 ....................................*passim*

**Federal Statutes**

Federal Rules of Civil Procedure
    Rule 11 ................................................................................................................ 3
    Rule 12(b)(1) ..................................................................................................... 4
    Rule 12(b)(6) ..................................................................................................... 4

**Other State Statutes**

Code of Civil Procedure
    Section 526a ................................................................................................*passim*

**Other Authorities**

United States Constitution Article III................................................................ 2, 5, 7

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

JAMES CLARK'S MOTION
TO DISMISS THE COMPLAINT
2:20-CV-11502-VAP-JC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This case arises out of an earlier filed, class action lawsuit brought by the same Plaintiff, Antwon Jones, against the Los Angeles Department of Water and Power ("LADWP") for allegedly overcharging ratepayers for their utilities in 2014.  (*See* D.E. 1 [Compl.] ¶ 1). The previous year, LADWP had contracted with Pricewaterhouse Coopers ("PwC") to implement a new billing system associated with the miscalculations. (*Id.*). Mr. Jones now alleges that the City of Los Angeles ("City") and three individuals who at the time served as high-ranking members of the Los Angeles City Attorney's Office, effectuated a collusive settlement with his own counsel. (*Id.* ¶¶ 6, 8-10). Notably, Mr. Jones has not sued his own former counsel—the individuals who are alleged to have the conflicts of interest and engaged in the collusive settlement.

Mr. James Clark, one of the individuals whom Mr. Jones names as a defendant, served as Chief Deputy City Attorney between 2013 and 2020, when he retired to become a private mediator. Mr. Jones brings a single claim against Mr. Clark under California Code of Civil Procedure section 526a, a provision that the Chief Justice of the Supreme Court of California recently described as a "single sentence [of] 87 words parsed by 19 commas. It is not a model of clarity." *Weatherford v. City of San Rafael*, 2 Cal. 5th 1241, 1253 (2017) (Cantil-Sakauye, C.J., concurring). This statute permits taxpayers to bring actions that restrain or prevent wasteful or otherwise improper expenditures by public bodies. The Supreme Court of California has also interpreted the statute to allow the recovery of money from individual public employees who abuse their authority to expend such funds in limited circumstances. *See Los Osos Comm. Servs. Dist. v. Am. Alternative Ins. Corp.*, 585 F. Supp. 2d 1195, 1204 (C.D. Cal. 2008) (citing *Stanson v. Mott,* 17 Cal. 3d 206, 226-27 (1976)).

This single claim against Mr. Clark fails as a matter of law. Fatally, Mr. Jones fails to allege an actual, concrete injury-in-fact that is fairly traceable to any conduct

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

JAMES CLARK'S MOTION
TO DISMISS THE COMPLAINT
2:20-CV-11502-VAP-JC

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

by Mr. Clark. Mr. Jones therefore lacks standing to pursue his claims. Although California courts confer broad standing for taxpayers, Section 526a claims brought in federal courts must comply with Article III of the Constitution, and include allegations of an actual, direct injury caused by the expenditure of tax dollars authorized by Mr. Clark. Mr. Jones does not allege facts supporting these requirements, failing to allege any cognizable injury or pleading any facts showing Mr. Jones was directly harmed by any actionable conduct of Mr. Clark.

Even if Mr. Jones had standing to proceed with his claim against Mr. Clark, Mr. Jones makes only conclusory allegations that Mr. Clark somehow "caused" the City to illegally expend and waste money. (Compl. ¶ 331). These meager allegations fail to recognize the role of the litigation privilege and the related *Noerr-Pennington* doctrine in protecting an attorney's use of discretion during litigation. The litigation privilege and *Noerr-Pennington* doctrine serve to shield Mr. Clark's actions, which were an exercise of discretion in his role as Chief Deputy City Attorney.

These defects in the Complaint against Mr. Clark cannot be cured. The Court should therefore dismiss the Complaint against Mr. Clark without leave to amend.

## II.   STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT

In December 2014, Mr. Jones engaged "New York attorney Paul Paradis" to represent him in a putative class action lawsuit against the City and the LADWP, *Jones v. City of Los Angeles*, Los Angeles Superior Court, Case No. BC577267 (the "*Jones v. City* state case". (D.E. 1 [Compl.] ¶¶ 3 & 4). Mr. Jones alleges that the City in December 2014 also hired Mr. Paradis and "Los Angeles attorney Paul Kiesel" to represent it in a separate lawsuit against PwC relating to problems in the implementation of the new billing system for LADWP, *City of Los Angeles v. Pricewaterhouse Coopers, LLP*, Los Angeles Superior Court, Case No. BC574690 (the "*City v. PwC*" case). (*Id.* ¶¶ 7, 66). Mr. Jones alleges that "Paradis had a massive conflict of interest" as a result of both these representations. (*Id.* ¶ 7). But Mr. Jones also admits that in early 2015, "Paradis introduced Mr. Jones to Ohio attorney Jack

Landskroner," who became his lawyer and filed the complaint on behalf of Mr. Jones. (*Id.* ¶ 4).

Mr. Landskroner ultimately settled the *Jones v. City* state case he brought on behalf of Mr. Jones. In a court-approved settlement, LADWP promised to repay all overcharged bills, spend at least $20 million remediating its billing system, satisfy certain performance metrics at the end of the remediation period, and pay the plaintiffs' attorneys' fees. (*Id.* ¶ 183). Now, some three years later, Mr. Jones contends that the settlement was a "product of collusion and a fraud on the court." (*Id.* ¶ 6).

Mr. Jones brings a single claim against Mr. Clark suggesting that he breached his "legal and ethical duties" to act in the best interests of the City. (*Id.* ¶ 19). Mr. Jones goes even further, accusing Mr. Clark of committing "perjury" and "destroying evidence." (*Id.* ¶¶ 9 & 228). Mr. Jones further alleges that the City spent $175,000 in taxpayer funds "to conceal and cover up their wrongdoing" and procuring an ethics report Mr. Jones characterizes as "false," "bogus," "disingenuous and farcical," "misleading and biased," and "entirely unnecessary." (*Id.* ¶ 12; *see also id.* ¶¶ 9, 299, 317 & 331(a)).[1]

The accusations of perjury appear to be based on Mr. Clark having made a number of corrections to an *unsigned* deposition transcript in which he appeared as the City's corporate representative and testified to matters outside of his personal knowledge. (*Id.* ¶¶ 9, 226-28, 241-43). The assertions of evidence destruction are similarly related to Mr. Clark serving in this capacity, as Mr. Jones alleges that Mr. Clark "had taken notes" of discussions with others to prepare for his deposition, but

---

[1] Jones also generally alleges that Mr. Clark, among the other defendants, somehow "caused" the City to incur sanctions and attorney fees awards in the PwC litigation. (Compl. ¶ 331). Surely Jones did not mean to include Mr. Clark in these allegations as it is well known that Mr. Clark was walled off from that case because of his status as a former partner of Gibson Dunn, the firm that represented PwC against the City in that action. There is no factual basis to suggest that Mr. Clark had any role in that case. Any assertion otherwise would likely warrant sanctions pursuant to Rule 11.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

then "discarded them" once he determined that he did not need them to testify. (*Id.* ¶ 228). The allegations of waste appear to be directed solely at the City, although Mr. Jones vaguely asserts that Mr. Clark somehow caused the City to incur the purportedly needless expenditures. (*Id.* ¶ 12). Notably absent from the Complaint is any factual allegation that Mr. Clark failed to exercise due care in authorizing the expenditure of taxpayer funds for an unlawful or wasteful purpose.

## III.   <u>LEGAL STANDARDS</u>

This Court should dismiss an action if it lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1); *see also, e.g.*, *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). This constitutional limit on federal judicial power requires a litigant to have standing before he may invoke the subject matter jurisdiction of the Court, and is fundamental to the justiciability of the controversy. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

Even if standing exists, a plaintiff must plead a cognizable claim to survive a motion filed pursuant to Rule 12(b)(6), which tests the legal sufficiency of a plaintiff's allegations in support of his claims. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A legal theory is not cognizable simply because it is alleged; mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*v. Twombly*, 550 U.S. 544, 555 (2007). The Court may disregard any "legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court should also not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis., Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Moreover, even if a legal theory is cognizable and based on detailed factual allegations, if such "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," they still fail to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is "plausible" and therefore cognizable only if it states more than the "possibility that a defendant has acted unlawfully" or is "'merely consistent with' a defendant's liability." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Only a genuinely plausible claim may survive a motion to dismiss and therefore "require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

## IV.   ARGUMENT

### A.   Mr. Jones Lacks Standing to Assert the Taxpayer Action Claim Against Mr. Clark.

The most fundamental requirement of any federal lawsuit is justiciability. *Lujan*, 504 U.S. at 560. Among other things, Article III of the Constitution demands a showing of the plaintiff's standing; he must allege an actual, concrete injury-in-fact, fairly traceable to a defendant's challenged conduct, and that a favorable judicial decision is likely to redress the injury. *Id.* 560-61. "California courts have interpreted § 526a to confer broad standing for taxpayers," but "that does not help them" in this forum. *Cantrell v. City of Long Beach*, 241 F.3d 674, 683 (9th Cir. 2001). "A party seeking to commence suit in federal court must meet the stricter federal standing requirements of Article III." *Id.*

"To establish standing in a state or municipal taxpayer suit under Article III, a plaintiff must allege a *direct* injury caused by the expenditure of *tax* dollars." *Id.*

JAMES CLARK'S MOTION
TO DISMISS THE COMPLAINT
2:20-CV-11502-VAP-JC

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

(emphases added). Moreover, "the pleadings of a valid taxpayer suit must 'set forth the relationship between taxpayer, tax dollars, and the allegedly illegal government activity.'" *Id.* (quoting *Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1178 (9th Cir. 1984)). Additionally, "the injury must be 'fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Turner v. City & County of San Francisco*, No. C-11-1427, 2012 WL 6631490, at *4 (N.D. Cal. Dec. 19, 2012), *affirmed by* 617 F. App'x 674, 677 (9th Cir. 2015) (quoting *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)).

Mr. Jones does not have standing because his claim solely rests on the use of *tax monies*—which his counsel admits were not used to support LADWP or its activities, including those at issue in this action. Counsel for Mr. Jones has already made the judicial admission that no taxpayer funds are used to support LADWP and its activities. Just last month, counsel for Mr. Jones in the *Jones v. City* state court action filed documents stating that "the LADWP generates revenues from the sale of services to its customers." Request for Judicial Notice ("RJN") [Class Counsel's Reply Re Attorneys' Fees (Feb. 24, 2021)] at 3:19-22. Counsel for Mr. Jones went on to state that "[n]o tax support is received" by the LADWP. *Id.* Indeed, he stated that "ratepayer['s] dollars were used to pay [former class counsel's] fees." *Id.* at 2:23. These statements by Mr. Jones' counsel are binding judicial admissions. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them."). They therefore contradict and undermine the Complaint's conclusory allegations that Mr. Clark, among the other defendants, "caused the CITY to illegally expend and waste millions of dollars in *taxpayer* funds," as opposed to funds received from *ratepayers* to the LADWP. (D.E. 1 [Compl.] ¶ 331) (emphasis added). Indeed, the notion that any funds spent on the prior litigation came from taxpayers, rather than ratepayers, is nothing more than a "legal conclusion couched as a factual allegation" this Court should reject. *Papasan*,

478 U.S. at 286. And without well-pleaded facts supporting a plausible conclusion that taxpayer funds were spent, Mr. Jones is deprived of yet another reason to obtain relief under Section 526a.

Mr. Jones does not allege facts supporting the requirements for Article III standing that this forum demands. As an initial matter, Mr. Jones fails to allege any cognizable injury. Mr. Jones repeatedly avers his status as a taxpayer. (D.E. 1 [Compl.] ¶¶ 12, 16, 330). But "the mere fact that a plaintiff is a taxpayer is not generally deemed sufficient to establish standing in federal court." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 130 (2011). Moreover, Mr. Jones fails to plead any facts showing that he was directly harmed as a result of the City's expenditures in connection with the *Jones v. City* and *City v. PwC* matters. (*See* D.E. 1 [Compl.] ¶ 331); *cf. Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (reasoning that a "bare procedural violation, divorced from any concrete harm" is insufficient to endow a plaintiff with Article III standing). Mr. Jones fails to allege facts showing that he was harmed as a result of the purportedly "illegal and wasted expenditures." (D.E. 1 [Compl.] ¶ 332). He therefore cannot establish Article III standing.

The Complaint additionally fails to trace any purported injury inflicted upon Mr. Jones back to Mr. Clark. Although Mr. Jones alleges that defendants committed perjury, destroyed evidence, and knew about the overbilling class actions, Mr. Jones nowhere alleges any facts supporting the notion that Mr. Clark "authorized public expenditures" of any kind. *Stanson*, 17 Cal. 3d at 223. Instead, Mr. Jones makes the equivocal and conclusory allegation that Mr. Clark somehow "caused the CITY to illegally expend and waste millions of dollars." (D.E. 1 [Compl.] ¶ 331). But that is simply muddying the waters to obscure the fact that Mr. Clark lacked authority to make the expenditures about which Mr. Jones complains, and the lack of any factual allegation that he exercised such authority, whether or not it was within his power to do so. *See Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1227 (9th Cir. 2008) (finding no causation if a harm results from some action by a third

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

JAMES CLARK'S MOTION
TO DISMISS THE COMPLAINT
2:20-CV-11502-VAP-JC

party). Mr. Jones thus fails to establish the necessary element of causation between Mr. Clark's alleged actions and any injury, Mr. Jones lacks standing to sue.

### B.    Mr. Jones Fails to State A Cognizable Section 526a Claim Against Mr. Clark.

Standing issues aside, the Section 526a claim that Mr. Jones asserts against Mr. Clark remains deficient and subject to dismissal. As used in Section 526a, the term "waste" requires more than a mere mistake by public officials exercising their judgment in matters reserved to their sound discretion. *Cota v. Cty. of L.A.*, 105 Cal. App. 3d 282, 285 (1980). Mr. Jones fails to plead any facts that support such notions, and instead makes only conclusory (and implausible) allegations that Mr. Clark somehow "caused the CITY to illegally expend and waste" money on an ethics report required by Judge Berle,[2] or payment of court-imposed sanctions and attorney's fees in the *City v. PwC* litigation from which Mr. Clark had been ethically walled off. (D.E. 1 [Compl.] ¶ 331); *see supra* note 1.

Similarly, the Complaint completely fails to recognize the role of the litigation privilege in protecting an attorney's use of discretion during the course of litigation. This privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). The litigation privilege is absolute, and thus applies regardless of whether the communication was made with malice or the intent to harm. *Wise v. Thrifty Payless, Inc.*, 83 Cal. App. 4th 1296, 1302 (2000). In other words, application of the privilege does not depend on the publisher's "motives, morals, ethics or intent." *Silberg*, 50 Cal. 3d at 220. Any doubt

---

[2] As further described in the Motion to Dismiss filed by co-defendants City and Mr. Feuer, counsel for Mr. Jones did not object to the City's retention of Ms. Pansky to conduct an independent investigation into the *Jones v. City* state action. (Defendants City of Los Angeles and Michael N. Feuer's Motion to Dismiss Complaint, [Case No. 2:20-cv-11502], § II.C at 5:4-6:14).

1   as to whether the privilege applies favors its application. *Adams v. Superior Court*, 2

2   Cal. App. 4th 521, 529 (1992).

3       Focused on alleged wrongdoings taken in connection with and in furtherance

4   of the *Jones v. City* state case and *City v. PwC* case, the Complaint is bereft of any

5   allegations that would remove the actions at issue from the shield of the litigation

6   privilege. Mr. Jones fails to plead around the litigation privilege and does not allege

7   facts detailing how any of Mr. Clark's alleged actions exceeded the scope and

8   protections provided under this privilege. Mr. Jones does not allege that Mr. Clark

9   personally profited—nor could he—from the litigation decisions made in the prior

10   lawsuits because Mr. Clark was not involved in the alleged decisions. Applying the

11   litigation privilege to the conduct at issue to the pleaded facts shields Mr. Clark from

12   all allegations of wrongdoing. Mr. Jones thus fails to plead a plausible basis for his

13   Section 526a claim.

14       Relatedly, the *Noerr-Pennington* doctrine—a judicially-crafted rule that

15   provides broad immunity from litigation to those who engage in protected petitioning

16   activities—extends to prevent Mr. Jones from alleging a cognizable claim based on

17   Section 526a against Mr. Clark.[3] This doctrine immunizes acts relating to the

18   initiation and prosecution of litigation "regardless of the merits of the cases." *Cal.*

19   *Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 512 (1972). The scope of

20   *Noerr-Pennington* immunity also protects individuals whose conduct is merely

21   incidental to the petitioning activity, including "decision[s] to accept or reject an offer

22   of settlement." *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors*, 944

23   F.2d 1525, 1528 (9th Cir.1991), *aff'd* 508 U.S. 49 (1993); *see also, e.g.*, *Sanders v.*

24   *Lockyer*, 365 F. Supp. 2d 1093, 1102 (N.D. Cal. 2005) (immunizing defendants under

25   *Noerr-Pennington* for conduct connected to settlement discussions).

26

27   [3] The doctrine is named for two Supreme Court cases, *E. R. Presidents Conference*
    *v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961), and *United Mine Workers v.*
28   *Pennington,* 381 U.S. 657 (1965).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

JAMES CLARK'S MOTION
TO DISMISS THE COMPLAINT
2:20-CV-11502-VAP-JC

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

When considering the application of this immunity to the Plaintiff's allegations, courts apply "a heightened pleading standard" and will only reluctantly "strip a defendant's activities of *Noerr-Pennington* protection." *Or. Nat. Res. Council v. Mohla*, 944 F.2d 531, 533 (9th Cir. 1991). Thus, so long as the claim is premised upon conduct that is even incidental to the petitioning activity, "the complaint will be dismissed unless it [also] includes allegations of 'specific activities which bring the defendant's conduct' into one of the *Noerr-Pennington* exceptions." *Marina Point Dev. Assocs. v. United States*, 364 F. Supp. 2d 1144, 1146 (C.D. Cal. 2005) (quoting *Mohla*, 944 F.2d at 533).

The singular claim Mr. Jones asserts against Mr. Clark is based on his purported role as "the Chief Deputy City Attorney of the LACAO . . . [where] he had overall supervisory authority for the CITY's defense in *Jones v. City* and litigation of its claims in *City v. PwC* (D.E. 1 [Compl.] ¶¶ 19 and 49). The sole claim against Mr. Clark more precisely rests on the conclusory allegation that he "caused the CITY to illegally expend and waste millions of dollars in taxpayer funds," but lacks any factual support for the allegation that he "caused" such expenditures. (*Id.* ¶ 331). There are no well-pleaded facts to suggest that this conduct should escape *Noerr-Pennington* immunity.

Further, the Court should dismiss the case against Mr. Clark because any act he took in his official capacity as Chief Deputy City Attorney is duplicative of the claim against the City itself. *See Luke v. Abbott*, 954 F. Supp. 202, 203 (C.D. Cal. 1997) (dismissing suit against official-capacity officer as redundant); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the municipal entity itself.").

The Court should also bar the claim against Mr. Clark because Mr. Jones failed to comply with longstanding of prerequisite requiring a pre-lawsuit demand on the appropriate officials. *Tenwolde v. County of San Diego*, 14 Cal. App. 4th 1082, 1093-94 (1993) (citing *Hansen v. Carr*, 73 Cal. App. 511, 514 (1925)). In *Tenwolde*, the

court reasoned that a taxpayer who brings a claim under Section 526a acts as a "substitute for the otherwise responsible governmental law enforcement agency" and therefore must first raise the issue with the proper authority *prior to* filing a lawsuit. *Id.* Nowhere in the Complaint does Mr. Jones allege that he made such a pre-suit demand on the City or any official regarding his Section 526a claim. The case against Mr. Clark is therefore barred.

## V.    **CONCLUSION**

For all the foregoing reasons, Clark respectfully requests the Court to grant his motion to dismiss and, because further amendment is futile, dismiss the Complaint without leave to amend. *See Reddy v. Litton Indus. Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990).

DATED:  March 15, 2021          Squire Patton Boggs (US) LLP


By:    */s/ Adam Fox*
_____
          Adam R. Fox
          Marisol C. Mork
Attorneys for Defendant
James Clark

010-9180-9053/11
121896.00002

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071