Kathleen A. Kenealy (State Bar No. 212289)
  Chief Deputy City Attorney
  kathleen.kenealy@lacity.org
Joseph A. Brajevich (State Bar No. 156144)
  General Counsel, Department of Water and Power
  joseph.brajevich@ladwp.com
LOS ANGELES CITY ATTORNEY'S OFFICE
221 N. Figueroa Street, Suite 1000
Los Angeles, California 90012

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Maribeth Annaguey (State Bar No. 228431)
  mannaguey@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendants
City of Los Angeles and Michael N. Feuer

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTWON JONES, an individual and California taxpayer,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL N. FEUER, in his individual and official capacities; JAMES P. CLARK, in his individual and former official capacities; and THOMAS H. PETERS, in his individual and former official capacities,<br><br>Defendants. | Case No. 2:20-CV-11502-VAP-JCx<br><br>Hon. Virginia A. Phillips<br>Magistrate Jacqueline Chooljian<br><br>**DEFENDANTS CITY OF LOS ANGELES AND MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN CONNECTION WITH MOTION TO DISMISS COMPLAINT**<br><br>Date:   May 10, 2021<br>Time:   2:00 p.m.<br>Crtrm.: 8A |

Pursuant to Federal Rule of Evidence 201 and the doctrine of incorporation by reference, Defendants City of Los Angeles (the "City") and Michael N. Feuer ("Feuer") (collectively, "Defendants") hereby respectfully request that this Court consider and take judicial notice of the 17 exhibits attached hereto to decide Defendants City of Los Angeles and Michael N. Feuer's Motion to Dismiss Complaint (the "Motion"), filed on March 15, 2021:

**Exhibit 1** (pages 10 to 22, below) is a true and correct copy of an excerpt of the Reporter's Transcript of Proceedings from January 23, 2019 in *City of Los Angeles v. Pricewaterhouse Coopers, LLP*, Case No. BC574690 (Cal. Super. Ct., L.A. Cty.) (the "*PwC* Action").

**Exhibit 2** (pages 23 to 41, below) is a true and correct copy of excerpts of the Reporter's Transcript of Proceedings from March 18, 2019 in *Jones v. City of Los Angeles*, Case No. BC577267 (Cal. Super. Ct., L.A. Cty.) (the "*Jones* Class Action") and the *PwC* Action.

**Exhibit 3** (pages 42 to 127, below) is a true and correct copy of the Notice of Filing of Government Claim by Antwon Jones, filed on July 31, 2019, in the *Jones* Class Action. Attached as Exhibit A to this notice is a copy of Jones's Government Claim, filed on July 23, 2019, without the "accompanying voluminous exhibits."

**Exhibit 4** (pages 128 to 131, below) is a true and correct copy of a Denial Letter for Claim Number C20-00426, dated September 6, 2019, from Chief Investigator Martin Boags of the City to Jones.

**Exhibit 5** (pages 132 to 202, below) is a true and correct copy of Debtor Paul Oliva Paradis's ("Paradis") Voluntary Petition for Individuals Filing for Bankruptcy, filed on June 3, 2020, in *In re Paul Oliva Paradis*, Case No. 2:20-bk-06724-PS (Bankr. D. Ariz.) (the "Paradis Bankruptcy").

**Exhibit 6** (pages 203 to 206, below) is a true and correct copy of an excerpt of PricewaterhouseCoopers LLP's Notice of Motion and Motion for Monetary Sanctions, filed on June 29, 2020, in the *PwC* Action.

**Exhibit 7** (pages 207 to 214, below) is a true and correct copy of Jones's Proof of Claim No. 15, filed on August 12, 2020, in the Paradis Bankruptcy.

**Exhibit 8** (pages 215 to 223, below) is a true and correct copy of Jones's Proof of Claim No. 16, filed on August 17, 2020, in the Paradis Bankruptcy.

**Exhibit 9** (pages 224 to 231, below) is a true and correct copy of an excerpt of the Notice of Entry of Judgment or Order concerning the November 10, 2020 Order Granting PricewaterhouseCoopers LLP's Motion for Monetary Sanctions, filed on November 13, 2020, in the *PwC* Action.

**Exhibit 10** (pages 232 to 235, below) is a true and correct copy of Debtor's Objection to Proofs of Claim 15 and 16 Filed by Antwon Jones, filed on December 23, 2020, in the Paradis Bankruptcy.

**Exhibit 11** (pages 236 to 243, below) is a true and correct copy of the City's Notice of Appeal, filed on January 12, 2021, in the *PwC* Action.

**Exhibit 12** (pages 244 to 250, below) is a true and correct copy of an excerpt of Class Counsel's Reply to Opposition to Motion for Disgorgement of Attorneys' Fees as to Michael Libman and/or the Law Offices of Michael J. Libman, APC, filed on February 24, 2021, in the *Jones* Class Action.

**Exhibit 13** (pages 251 to 256, below) is a true and correct copy of an excerpt of the Declaration of Brian S. Kabateck in Support of Class Counsel's Reply to Liaison Counsel's Opposition to the Motion to Disgorge Fees, filed on February 24, 2021, in the *Jones* Class Action.

**Exhibit 14** (pages 257 to 263, below) is a true and correct copy of the Declaration of Serena J. Vartazarian in Support of Class Counsel's Reply to Liaison Counsel's Opposition to: 1) Amended Motion for an Order of Contempt; 2) Motion for Monetary and/or Non-Monetary Sanctions; and 3) Motion to Disgorge Fees, filed on February 24, 2021, in the *Jones* Class Action.

**Exhibit 15** (pages 264 to 328, below) is a true and correct copy of the Response of Claimant Antwon Jones to Debtor's Objections to Proof of Claims 15 and 16, filed

on January 15, 2021, in the Paradis Bankruptcy.

**Exhibit 16** (pages 329 to 331, below) is a true and correct copy of the Notice of Hearing Regarding Debtor's Objection to Proofs of Claim 15 and 16 Filed by Antwon Jones, filed on February 26, 2021, in the Paradis Bankruptcy.

**Exhibit 17** (pages 332 to 355, below) is a true and correct copy of Article II (sections 200 to 293) and Article VI (sections 603, 609, 675, and 679) of the Official City of Los Angeles Charter.

## I.     LEGAL STANDARD

Although courts are generally limited to the pleadings in ruling on a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), there are "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion": (1) judicial notice under Federal Rule of Evidence 201 and (2) incorporation by reference. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007) (explaining that a court need not "blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in (1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed").

### A.     Judicial Notice Under Federal Rule Of Evidence 201

The doctrine of judicial notice permits a court to take as true "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The court "***must*** take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added).  Judicial notice extends to facts considered on a motion to dismiss. *E.g.*, *Reed v. Fed. Nat'l Mortg. Ass'n*, No. 13-cv-00940-VAP, 2014 WL 12638880, at *2, *4 (C.D. Cal. Jan. 23,

2014).

"A trial court may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999). Accordingly, courts have taken judicial notice of information "made publicly available by government entities," including on the Internet. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.").

Courts also regularly take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of a hearing transcript and briefs filed in courts); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (judicially noticing "pleadings filed in a related state court action"); *Reed*, 2014 WL 12638880, at *2-3 (taking judicial notice of documents filed in Los Angeles Superior Court); *Business Solutions, LLC v. Ganatra*, No. 18-cv-1426, 2019 WL 926351, at *3 (C.D. Cal. Jan. 7, 2019) (judicially noticing transcript of state-court hearing to decide motion to dismiss).

Judicial notice of court filings is appropriate where the requesting party shows that the documents "were in fact court documents and matters of public record." *Reed*, 2014 WL 12638880, at *3; *see also CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1087 (C.D. Cal. 2015) ("[C]ourt orders and filings are proper subjects of judicial notice."); *Life Bliss Found. v. Sun TV Network Ltd.*, No. 13-cv-00393-VAP, 2014 WL 12589657, at *6 (C.D. Cal. Sept. 17, 2014) (taking judicial notice of court filings where defendants "provided reference and case numbers for the documents requested for judicial notice, showing that they were in

fact court documents and matters of public record").

### B. Incorporation By Reference

A court deciding a motion to dismiss "also may take judicial notice of material incorporated by reference into the Complaint." *Johnson v. Quality Loan Serv. Corp.*, No. 18-cv-09140-VAP, 2018 WL 6978196, at *3 (C.D. Cal. Dec. 18, 2018); *see also Yang*, 250 F. App'x at 772 (reiterating that a court need not "blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in . . . documents that are referred to in the non-moving party's pleading").

Documents are properly incorporated by reference "'in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.'" *Johnson*, 2018 WL 6978196, at *3. The incorporation-by-reference doctrine applies even if the contents of the relied-upon documents are not explicitly alleged or referenced in the complaint. *E.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *see also U.S. v. Ritchie.*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining a document "may be incorporated by reference into a complaint if . . . the document forms the basis of the plaintiff's claim"). The court may "'treat such document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss.'" *Barber v. Nestle USA, Inc.*, 154 F. Supp. 3d 954, 958 n.1 (C.D. Cal. 2015) (quoting *Ritchie*, 342 F.3d at 908).

## II. GROUNDS FOR CONSIDERING THE ATTACHED EXHIBITS TO DECIDE THE CITY AND MR. FEUER'S MOTION TO DISMISS

Federal Rule of Evidence 201(c)(2) and the doctrine of incorporation by reference require Exhibits 1 through 17 to be judicially noticed because, *inter alia*, Defendants have requested judicial notice and have supplied the necessary information.

### A. Court Records

The Court must take judicial notice of Exhibits 1-3 and 5-16, all of which are records of the Los Angeles Superior Court and the U.S. Bankruptcy Court of the District of Arizona. These exhibits are court hearing transcripts, court filings and notices, and court orders. "Courts have routinely taken judicial notice of . . . pleadings filed with the state court." *DJ St. Jon on Behalf of Herself and All Others Similarly Situated v. Tatro*, No. 15-cv-2552, 2016 WL 1162678, at *4-5 (S.D. Cal. Mar. 23, 2016) (judicially noticing documents filed and submitted in state court, as well as reporter's transcripts); *see also Reyn's Pasta*, 442 F.3d at 746 n.6 (recognizing that "[w]e may take judicial notice of court filings and other matters of public record"); *Burbank-Glendale-Pasadena Airport Auth.*, 136 F.3d at 1364 (granting request to take judicial notice of pleadings filed in related state-court action); *McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014) ("[P]leadings filed and orders issued in related litigation are proper subjects of judicial notice under Rule 201."); *Madani v. Cty. of Santa Clara*, No. 16-cv-07026, 2017 WL 1092398, at *4 (N.D. Cal. Mar. 23, 2017) (judicially noticing hearing transcript).

### B. Public Records

Judicial notice of Exhibit 4 and 17 is warranted because they are government records. Specifically, Exhibit 4 is the City's denial letter to Jones's Government Claim. *E.g.*, *Sims v. Kia Motors Am., Inc.*, No. 13-cv-1791, 2014 WL 12558249, at *2 (C.D. Cal. Mar. 31, 2014) (judicially noticing documents because they "are government records"); *Lifeway Foods, Inc. v. Millenium Prods., Inc.*, No. 16-cv-7099, 2016 WL 7336721, at *1 (C.D. Cal. Dec. 14, 2016) ("Publicly available government records are commonly subject to judicial notice."); *see also Greeson v. Imperial Irr. Dist.*, 59 F.2d 529, 531 (9th Cir. 1932) ("[T]he court is bound to take notice of public facts and . . . public documents . . . .").

Exhibit 17 is comprised of excerpts of the City's Charter. "The Court may take judicial notice of city charters, city ordinances and resolutions, and the contents and

legislative history of a proposed city ordinance or resolution." *Rabkin v. Dean*, 856 F. Supp. 543, 546 (N.D. Cal. 1994); *see also Ass'n of L.A. City Attorneys v. City of L.A.*, No. 12-cv-4235, 2012 WL 12887541, at *6 n.31 (C.D. Cal. Nov. 20, 2012) (judicially noticing the City of Los Angeles's Charter "because it is not subject to reasonable dispute, it is a public record commonly known in this jurisdiction, and its accuracy can be readily determined from sources that cannot reasonably be questioned"); *Madani*, 2017 WL 1092398, at *4 ("The Charter of the County of Santa Clara, the Rules of Procedures for the Santa Clara County Personnel Board, and the County of Santa Clara Ordinance Code are also proper subjects of judicial notice.").

### C. Documents Incorporated By Reference

Several of the Exhibits also should be considered to decide Defendants' Motion because the Court "may take judicial notice of material incorporated by reference into the Complaint." *Johnson*, 2018 WL 6978196, at *3 (explaining that incorporation is proper "'in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance'"). Jones's Complaint for Damages and Other Relief (Dkt. No. 1; the "Complaint") quotes, references, and necessarily relies on several of the exhibits that are court filings and public records and that are judicially noticeable.

The Complaint relies on Jones's Government Claim (Dkt. No. 1 ¶ 276), provided as Exhibit 3, and the City's denial of that claim (*id.* ¶ 287), provided as Exhibit 4. The Complaint also relies on the sanctions motion and order in the *PwC* Action (*id.* ¶¶ 303, 305), which are provided as Exhibits 6 and 9, respectively. Accordingly, Exhibits 3, 4, 6, and 9 should be treated as "part of the complaint." *Barber*, 154 F. Supp. 3d at 958 n.1.

//
//

## III. CONCLUSION

Accordingly, this Court should consider and take judicial notice of the attached Exhibits 1 through 17 to decide Defendants City of Los Angeles and Michael N. Feuer's Motion to Dismiss Complaint, filed on March 15, 2021.

DATED:  March 15, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
   Eric M. George
   Maribeth Annaguey
   Jason Y. Kelly

By: */s/ Maribeth Annaguey*
   Maribeth Annaguey
Attorneys for Defendants
City of Los Angeles and Michael N. Feuer

1737071

-9-   Case No. 2:20-CV-11502-VAP-JCx

DEFENDANTS CITY OF LOS ANGELES AND MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN CONNECTION WITH MOTION TO DISMISS COMPLAINT