Kathleen A. Kenealy (State Bar No. 212289)
  Chief Deputy City Attorney
  kathleen.kenealy@lacity.org
Joseph A. Brajevich (State Bar No. 156144)
  General Counsel, Department of Water and Power
  joseph.brajevich@ladwp.com
LOS ANGELES CITY ATTORNEY'S OFFICE
221 N. Figueroa Street, Suite 1000
Los Angeles, California  90012

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Kathryn L. McCann (State Bar No. 245198)
  kmccann@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendants
City of Los Angeles and Michael N. Feuer

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTWON JONES, an individual and California taxpayer,<br><br>             Plaintiff,<br><br>       vs.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL N. FEUER, in his individual and official capacities; JAMES P. CLARK, in his individual and former official capacities; and THOMAS H. PETERS, in his individual and former official capacities,<br><br>             Defendants. | Case No. 2:20-CV-11502-VAP-JCx<br><br>Hon. Virginia A. Phillips<br>Magistrate Jacqueline Chooljian<br><br>**DEFENDANT MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN CONNECTION WITH MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:   October 4, 2021<br>Time:  2:00 p.m.<br>Crtrm.: 8A |

1877185

Case No. 2:20-CV-11502-VAP-JCx

DEFENDANT MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN CONNECTION WITH MOTION TO DISMISS FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Evidence 201 and the doctrine of incorporation by reference, Defendant Michael N. Feuer hereby respectfully requests that this Court consider and take judicial notice of the three exhibits attached hereto to decide Defendant Michael N. Feuer's Motion to Dismiss First Amended Complaint (the "Motion"), filed on August 16, 2021:

**Exhibit 1** (pages 7 to 25, below) is a true and correct copy of excerpts of the Reporter's Transcript of Proceedings from March 18, 2019 in *Jones v. City of Los Angeles*, Case No. BC577267 (Cal. Super. Ct., L.A. Cty.) (the "*Jones* Class Action") and *City of Los Angeles v. Pricewaterhouse Coopers, LLP*, Case No. BC574690 (Cal. Super. Ct., L.A. Cty.) (the "*PwC* Action").

**Exhibit 2** (pages 26 to 111, below) is a true and correct copy of the Notice of Filing of Government Claim by Antwon Jones, filed on July 31, 2019, in the *Jones* Class Action. Attached as Exhibit A to this notice is a copy of Jones's Government Claim, filed on July 23, 2019, without the "accompanying voluminous exhibits."

**Exhibit 3** (pages 112 to 115, below) is a true and correct copy of a Denial Letter for Claim Number C20-00426, dated September 6, 2019, from Chief Investigator Martin Boags of the City to Plaintiff Antwon Jones.

I.   **LEGAL STANDARD**

Although courts are generally limited to the pleadings in ruling on a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), there are "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion": (1) judicial notice under Federal Rule of Evidence 201 and (2) incorporation by reference. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007) (explaining that a court need not "blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in (1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that

are included in materials that can be judicially noticed").

### A. Judicial Notice Under Federal Rule Of Evidence 201

The doctrine of judicial notice permits a court to take as true "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "***must*** take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added). Judicial notice extends to facts considered on a motion to dismiss. *E.g.*, *Reed v. Fed. Nat'l Mortg. Ass'n*, No. 13-cv-940-VAP, 2014 WL 12638880, at *2, *4 (C.D. Cal. Jan. 23, 2014).

"A trial court may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999). Accordingly, courts have taken judicial notice of information "made publicly available by government entities," including on the Internet. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.").

Courts also regularly take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of a hearing transcript and briefs filed in courts); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (judicially noticing "pleadings filed in a related state court action"); *Reed*, 2014 WL 12638880, at *2-3 (taking judicial notice of documents filed in Los Angeles Superior Court); *Business Solutions, LLC v. Ganatra*, No. 18-cv-1426, 2019 WL 926351, at *3 (C.D. Cal. Jan. 7, 2019) (judicially noticing transcript of state-court

1  hearing to decide motion to dismiss).

2  　　　Judicial notice of court filings is appropriate where the requesting party shows
3  that the documents "were in fact court documents and matters of public record."
4  *Reed*, 2014 WL 12638880, at *3; *see also CarMax Auto Superstores Cal. LLC v.*
5  *Hernandez*, 94 F. Supp. 3d 1078, 1087 (C.D. Cal. 2015) ("[C]ourt orders and filings
6  are proper subjects of judicial notice."); *Life Bliss Found. v. Sun TV Network Ltd.*,
7  No. 13-cv-393-VAP, 2014 WL 12589657, at *6 (C.D. Cal. Sept. 17, 2014) (taking
8  judicial notice of court filings where defendants "provided reference and case
9  numbers for the documents requested for judicial notice, showing that they were in
10 fact court documents and matters of public record").

11 　　**B.**　　**Incorporation By Reference**

12 　　　A court deciding a motion to dismiss "also may take judicial notice of material
13 incorporated by reference into the Complaint." *Johnson v. Quality Loan Serv. Corp.*,
14 No. 18-cv-9140-VAP, 2018 WL 6978196, at *3 (C.D. Cal. Dec. 18, 2018); *see also*
15 *Yang*, 250 F. App'x at 772 (reiterating that a court need not "blindly accept the
16 allegations in the pleadings as true if these allegations are contradicted by uncontested
17 facts set forth in . . . documents that are referred to in the non-moving party's
18 pleading").

19 　　　Documents are properly incorporated by reference "'in situations where the
20 complaint necessarily relies upon a document or the contents of the document are
21 alleged in a complaint, the document's authenticity is not in question and there are no
22 disputed issues as to the document's relevance.'" *Johnson*, 2018 WL 6978196, at *3.
23 The incorporation-by-reference doctrine applies even if the contents of the relied-
24 upon documents are not explicitly alleged or referenced in the complaint. *E.g.*,
25 *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *see also United States v.*
26 *Ritchie.*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining a document "may be
27 incorporated by reference into a complaint if . . . the document forms the basis of the
28 plaintiff's claim"). The court may "'treat such document as part of the complaint, and

thus may assume that its contents are true for purposes of a motion to dismiss.'" *Barber v. Nestle USA, Inc.*, 154 F. Supp. 3d 954, 958 n.1 (C.D. Cal. 2015) (quoting *Ritchie*, 342 F.3d at 908).

## II. GROUNDS FOR CONSIDERING THE ATTACHED EXHIBITS TO DECIDE MR. FEUER'S MOTION TO DISMISS

Federal Rule of Evidence 201(c)(2) and the doctrine of incorporation by reference require Exhibits 1 through 3 to be judicially noticed because, *inter alia*, Mr. Feuer has requested judicial notice and has supplied the necessary information.

### A. Court Records

The Court should take judicial notice of Exhibit 1, which is a court hearing transcript. *E.g.*, *DJ St. Jon on Behalf of Herself and All Others Similarly Situated v. Tatro*, No. 15-cv-2552, 2016 WL 1162678, at *4-5 (S.D. Cal. Mar. 23, 2016) (judicially noticing documents filed and submitted in state court, as well as reporter's transcripts); *see also Madani v. Cty. of Santa Clara*, No. 16-cv-7026, 2017 WL 1092398, at *4 (N.D. Cal. Mar. 23, 2017) (judicially noticing hearing transcript).

### B. Public Records

The Court should take judicial notice of Exhibit 3, the City's denial letter to Jones's Government Claim, which is a government record. *E.g.*, *Sims v. Kia Motors Am., Inc.*, No. 13-cv-1791, 2014 WL 12558249, at *2 (C.D. Cal. Mar. 31, 2014) (judicially noticing documents because they "are government records"); *Lifeway Foods, Inc. v. Millenium Prods., Inc.*, No. 16-cv-7099, 2016 WL 7336721, at *1 (C.D. Cal. Dec. 14, 2016) ("Publicly available government records are commonly subject to judicial notice."); *see also Greeson v. Imperial Irr. Dist.*, 59 F.2d 529, 531 (9th Cir. 1932) ("[T]he court is bound to take notice of public facts and . . . public documents . . . .").

/ / /

/ / /

/ / /

1877185

-5-    Case No. 2:20-CV-11502-VAP-JCx

DEFENDANT MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN CONNECTION WITH MOTION TO DISMISS FIRST AMENDED COMPLAINT

### C. Documents Incorporated by Reference

Exhibits 2 and 3 also should be taken into consideration because the Court "may take judicial notice of material incorporated by reference into the Complaint." *Johnson*, 2018 WL 6978196, at *3 (explaining that incorporation is proper "'in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance'"). Plaintiff Jones's First Amended Complaint (Dkt. No. 50) relies on Jones's Government Claim (Dkt. No. 50 ¶ 280), provided as Exhibit 2, and the City's denial of that claim (*id.* ¶ 292), provided as Exhibit 3. The authenticity and relevance of these documents are not in question. Accordingly, they should be treated as "part of the complaint." *Barber*, 154 F. Supp. 3d at 958 n.1.

DATED: August 16, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
 Eric M. George
 Kathryn L. McCann
 Jason Y. Kelly


By:  */s/  Kathryn L. McCann*
   Kathryn L. McCann
Attorneys for Defendants
City of Los Angeles and Michael N. Feuer

1877185

-6-

Case No. 2:20-CV-11502-VAP-JCx

DEFENDANT MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN CONNECTION WITH MOTION TO DISMISS FIRST AMENDED COMPLAINT