# EXHIBIT 1

Exhibit 1
Page 7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

SPRING STREET COURTHOUSE

DEPARTMENT SSC6                    HON. ELIHU M. BERLE, JUDGE

```
ANTWON JONES,                      )
                                   )
                                   )
            PLAINTIFF,             ) SUPERIOR COURT
VS.                                ) CASE NO. BC577267
                                   )
CITY OF LOS ANGELES,               )
                                   )
            DEFENDANT.             )
_____)

                                   )
CITY OF LOS ANGELES,               ) SUPERIOR COURT
                                   ) CASE NO. 574690
            PLAINTIFF,             )
                                   )
VS.                                )
                                   )
PRICEWATERHOUSECOOPERS LLP,        )
                                   )
            DEFENDANT.             )
_____)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MONDAY, MARCH 18, 2019

APPEARANCES:

FOR ANTWON JONES:

  ISAACS FRIEDBERG
  BY:  JEFFREY B. ISAACS, ESQUIRE
      PAIGE SHEN, ESQUIRE
  555 SOUTH FLOWER STREET, SUITE 4250
  LOS ANGELES, CALIFORNIA 90071
  213.929.5533

(APPEARANCES CONTINUED.)

                        ANITA B. ALDERSON, CSR. NO. 11843
                        OFFICIAL COURT REPORTER PRO TEMPORE
                        JOB NO. 151678

Exhibit 1
Page 8

```
 1   (APPEARANCES CONTINUED.)

 2

 3   LIASION COUNSEL FOR THE CLASS:

 4     LAW OFFICES OF MICHAEL J. LIBMAN
       BY:  MICHAEL J. LIBMAN, ESQUIRE
 5     18321 VENTURA BOULEVARD, SUITE 700
       TARZANA, CALIFORNIA 91356
 6     818.995.7300

 7   FOR JONES AND THE CLASS: (VIA COURTCALL)

 8     LANDSKRONER, GRIECO, MERRIMAN, LLC
       BY:  JACK LANDSKRONER, ESQUIRE
 9     1360 WEST 9TH STREET, SUITE 200
       CLEVELAND, OHIO 44113
10     216.522.9000

11   FOR JACK LANDSKRONER:

12      BIRD MARELLA
        BY:  MARK T. DROOKS, ESQUIRE
13      1875 CENTURY PARK EAST, 23RD FLOOR
        LOS ANGELES, CALIFORNIA 90067
14      310.201.2100

15   FOR PLAINTIFFS MORSKI AND MACIAS IN RELATED CASES:

16     LAW OFFICES OF ALAN HIMMELFARB
       BY:  ALAN HIMMELFARB, ESQUIRE
17     80 WEST SIERRA MADRE BOULEVARD
       SUITE 304
18     SIERRA MADRE, CALIFORNIA 91024
       626.325.3104

19

20   FOR BRANSFORD PLAINTIFFS:

21     BLOOD HURST & O'REARDON LLP
       BY:  TIMOTHY G. BLOOD, ESQUIRE
22     501 WEST BROADWAY, SUITE 1490
       SAN DIEGO, CALIFORNIA 92101
23     619.338.1100

24     MILSTEIN JACKSON FAIRCHILD & WADE, LLP
       BY:  GILLIAN L. WADE, ESQUIRE
25     10250 CONSTELLATION BOULEVARD, 14TH FLOOR
       LOS ANGELES, CALIFORNIA 90067
26     310.396.9600

27

28   (APPEARANCES CONTINUED.)
```

Exhibit 1
Page 9

```
 1   (APPEARANCES CONTINUED.)

 2

 3   FOR PLAINTIFF IN THE KIMHI ACTION:

 4     KNAPP PETERSEN CLARKE
       BY:  K.L. MYLES, ESQUIRE
 5     550 NORTH BRAND BOULEVARD, SUITE 1500
       GLENDALE, CALIFORNIA 91203
 6     818.547.5000

 7   FOR THE FONTAINE PLAINTIFFS: (VIA COURTCALL)

 8     BOWER LAW GROUP PC
       BY:  DAVID E. BOWER, ESQUIRE
 9     600 CORPORATE POINTE, SUITE 1170
       CULVER CITY, CALIFORNIA 90230
10     213.446.6652

11   FOR PRICEWATERHOUSECOOPERS:

12     GIBSON, DUNN & CRUTCHER LLP
       BY:  DANIEL J. THOMASCH, ESQUIRE
13     200 PARK AVENUE
       NEW YORK, NEW YORK 10166
14     212.351.3800

15     GIBSON, DUNN & CRUTCHER LLP
       BY:  JAMES A. SANTIAGO, ESQUIRE
16     333 SOUTH GRAND AVENUE
       LOS ANGELES, CALIFORNIA 90071
17     213.229.7929

18

19   FOR CITY OF LOS ANGELES:

20     BROWNE GEORGE ROSS LLP
       BY:  ERIC GEORGE, ESQUIRE
21          MARIBETH ANNAGUEY, ESQUIRE
       2121 AVENUE OF THE STARS, SUITE 2800
22     LOS ANGELES, CALIFORNIA 90067
       424.202.5564
23

24   FOR CITY OF LOS ANGELES:

25     OFFICE OF THE CITY ATTORNEY
       BY:  THOMAS H. PETERS, CHIEF ASSISTANT
26          CITY ATTORNEY
       200 NORTH MAIN STREET, ROOM 700
27     LOS ANGELES, CALIFORNIA 90012
       213.978.8277
28
```

Exhibit 1
Page 10

```
 1
 2                       I N D E X
 3
 4                    MARCH 18, 2019
 5
 6      ALPHABETICAL/CHRONOLOGICAL LIST OF WITNESSES
 7
 8                        (NONE.)
 9
10
11                       EXHIBITS
12
13                        (NONE.)
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

Exhibit 1
Page 11

```
                                                              Page 1
 1   CASE NUMBER:              BC574690, BC577267
 2   CASE NAME:                CITY OF LOS ANGELES VS.
 3                               PRICEWATERHOUSECOOPERS
 4                             JONES VS. CITY OF LOS ANGELES
 5   LOS ANGELES, CALIFORNIA   MONDAY, MARCH 18, 2019
 6   DEPARTMENT SSC6           HON. ELIHU M. BERLE, JUDGE
 7   REPORTER:                 ANITA B. ALDERSON, CSR NO. 11843
 8   TIME:                     10:17 A.M. SESSION
 9   APPEARANCES:              (AS HERETOFORE NOTED.)
10
11
12         (THE FOLLOWING WAS HELD IN OPEN COURT.)
13
14
15         THE COURT:  GOOD MORNING, COUNSEL.
16         IN UNISON:  GOOD MORNING, YOUR HONOR.
17         THE COURT:  PLEASE BE SEATED AND MAKE YOURSELVES
18   COMFORTABLE.
19         CALLING THE CASES OF JONES VERSUS CITY OF LOS
20   ANGELES AND ALSO THE RELATED CASE OF CITY OF LOS ANGELES
21   VERSUS PRICEWATERHOUSE AND OTHER RELATED CASES, COUNSEL
22   YOUR APPEARANCES, PLEASE.
23         MR. LIBMAN:  GOOD MORNING, YOUR HONOR, MICHAEL
24   LIBMAN, LIAISON COUNSEL FOR THE CLASS.
25         THE COURT:  GOOD MORNING.
26         MR. GEORGE:  GOOD MORNING, YOUR HONOR, ERIC GEORGE
27   FOR DEFENDANT CITY OF LOS ANGELES.
28         THE COURT:  GOOD MORNING.
```

Exhibit 1
Page 12

Page 2

1        MS. ANNAGUEY:  GOOD MORNING, YOUR HONOR, MARIBETH
2   ANNAGUEY ALSO ON BEHALF OF THE DEFENDANT.
3        THE COURT:  GOOD MORNING.
4        MR. PETERS:  GOOD MORNING, YOUR HONOR, TOM PETERS
5   OF THE CITY ATTORNEY'S OFFICE FOR THE CITY.
6        THE COURT:  GOOD MORNING.
7        MR. THOMASCH:  GOOD MORNING, YOUR HONOR, DANIEL
8   THOMASCH AND JAMES SANTIAGO FOR DEFENDANT
9   PRICEWATERHOUSECOOPERS IN THE CITY OF LOS ANGELES VERSUS
10  PWC CASE.
11       THE COURT:  GOOD MORNING.
12       MR. BLOOD:  TIMOTHY BLOOD FOR THE BRANSFORD
13  PLAINTIFFS IN THE RELATED CASES.
14       MS. WADE:  GOOD MORNING, YOUR HONOR, GILLIAN WADE
15  FOR THE BRANSFORD PLAINTIFFS.
16       THE COURT:  GOOD MORNING.
17       MR. HIMMELFARB:  ALAN HIMMELFARB APPEARING ON
18  BEHALF OF RELATED CASES MORSKI AND MACIAS.
19       THE COURT:  GOOD MORNING.
20       MR. ISAACS:  GOOD MORNING, YOUR HONOR, JEFFREY
21  ISAACS AND PAIGE SHEN ON BEHALF OF ANTWON JONES IN THE CITY
22  VERSUS PWC CASE.
23       THE COURT:  GOOD MORNING.
24       MR. DROOKS:  GOOD MORNING, YOUR HONOR, MARK DROOKS
25  FOR JACK LANDSKRONER.
26       MR. LANDSKRONER IS ON COURTCALL.
27       THE COURT:  GOOD MORNING.
28       MS. MYLES:  GOOD MORNING, YOUR HONOR, K.L. MYLES ON

Exhibit 1
Page 13

Page 4

1          MR. GEORGE:  YOUR HONOR, IF I MIGHT SPEND JUST A
2     FEW MOMENTS.  WE WANTED TO FIRST GIVE THE COURT AN UPDATE.
3     I APOLOGIZE IN ADVANCE IF THERE IS SOME CROSSOVER IN WHAT
4     WE'RE ADDRESSING TODAY AND TOMORROW.
5          I THINK IT'S IMPORTANT IF THE COURT WILL INDULGE ME
6     TO MAKE SEVERAL OBSERVATIONS TO THE COURT.  IN PARTICULAR,
7     I WANT THE COURT TO KNOW WE'RE QUITE MINDFUL OF THE COURT'S
8     EXPRESSED CONCERN.
9          AND I QUOTE, YOUR HONOR, THAT THE JONES V. CITY OF
10    LOS ANGELES COMPLAINT MAY NOT HAVE BEEN A QUOTE ADVERSARIAL
11    PROCEEDING.  WE UNDERSTAND THE ADVERSARIAL NATURE OF THAT
12    ACTION IS IN QUESTION DUE TO FORMER SPECIAL COUNSEL'S
13    RELATIONSHIPS.  IN THAT VEIN, I WANTED TO STATE THE
14    FOLLOWING TO THE COURT.
15         THE RELATIONSHIP BETWEEN SPECIAL -- FORMER SPECIAL
16    COUNSEL AND THE CITY IS NOW OVER, INCLUDING HIS BUSINESS
17    CONTRACT WITH THE DEPARTMENT OF THE WATER AND POWER.
18         LAST WEEK THE DEPARTMENT AUTHORIZED THE TERMINATION
19    OF THE ADVENTADOR CONTRACT.  TRANSITION WORK TO EFFECTUATE
20    THE TERMINATION IS NOW UNDERWAY.  AND ADDITIONALLY
21    EFFECTIVE MARCH 14 OF 2019, MR. PARADIS IS NO LONGER THE
22    OWNER OF THE COMPANY, AND NO LONGER HAS A FINANCIAL
23    INTEREST IN THE COMPANY.
24         THE COURT:  DID THEY INQUIRE WHO NOW OWNS THE
25    COMPANY, OR IT'S IRRELEVANT, THE RELATIONSHIPS HAVE BEEN
26    TOTALED SEVERED?
27         MR. GEORGE:  I OFFER THE LATTER, YOUR HONOR.
28         I ALSO WARRANT TO EMPHASIZE, YOUR HONOR, THAT IS

Exhibit 1
Page 14

Page 5

1  MERELY THE BEGINNING OF WHAT HAS HAPPENED.  THE CITY
2  ATTORNEY'S RESPONSE TO THIS MATTER HAS TRULY BEEN SWIFT AND
3  DECISIVE.  AND HE'S TAKEN STRONG STEPS THAT I THINK CAN BE
4  SUMMED WITH THE ADAGE THAT ONE MUST HANG A LANTERN ON A
5  POTENTIAL PROBLEM.
6        THE CITY ATTORNEY HAS REALLY DONE THAT TAKING STEPS
7  TO ENSURE TRANSPARENCY AND TO DO SO SPEEDILY AND WITHOUT
8  LIMITATION.
9        VERY SPECIFICALLY, YOUR HONOR, ON JANUARY 23, OF
10 THIS YEAR THE COURT ASKED WHO INVESTIGATES QUOTE "ETHICAL
11 ISSUES" END QUOTE WITHIN THE OFFICE OF THE CITY ATTORNEY
12 AND TASKED THE CITY WITH DETERMINING QUOTE "WHETHER IT'S
13 APPROPRIATE FOR THE CITY TO UNDERTAKE AN INTERNAL
14 INVESTIGATION AS TO WHAT HAPPENED HERE."
15        THE CITY ACTED WITH DISPATCH.  IMMEDIATELY IT
16 OPENED ITS OWN INQUIRY INCLUDING WITH RETENTION OF ETHICIST
17 ELLEN PANSKY.  THE DIRECTION OF MS. PANSKY HAS BEEN TO MAKE
18 INQUIRY INTO ANY COUNSEL'S CONDUCT WITH RESPECT TO ANY
19 ASPECT OF THE JONES LITIGATION AND SETTLEMENT THAT
20 MS. PANSKY WISHES THAT RAISES ANY ISSUE OF LEGAL ETHICS OR
21 POTENTIAL CONFLICT AND TO EXAMINE THE DEPARTMENT CONTRACTS
22 WITH MR. PARADIS AND HIS FORMER COMPANY ADVENTADOR.
23        THE COURT:  LET ME ASK YOU A MOMENT, I APOLOGIZE
24 FOR INTERRUPTING.
25        IS THERE ANY CONTEMPLATION OF REPLACEMENT CONTRACTS
26 OR THINK THE NEED IS NO LONGER NECESSARY?
27        MR. GEORGE:  I DON'T KNOW THE ANSWER TO THAT, YOUR
28 HONOR.  IT'S SOMETHING I WANT TO MAKE SURE I HAVE REALLY

Exhibit 1
Page 15

 1   DRILLED INTO BEFORE I PROVIDE THE COURT WITH AN ANSWER.
 2           THE COURT:  ALL RIGHT.  AT THE NEXT HEARING -- IN
 3   THE INTERIM, BEFORE THE NEXT HEARING FIND OUT WHAT THE
 4   PLANS ARE BY THE CITY WITH RESPECT TO DWP WITH RESPECT TO
 5   THE SERVICES THAT WERE TO BE PERFORMED BY THOSE COMPANIES
 6   THAT HAVE BEEN TERMINATED.
 7           MR. GEORGE:  WE WILL DO THAT, YOUR HONOR.
 8           THE COURT:  THANK YOU.
 9           MR. GEORGE:  I WANT TO ADD, YOUR HONOR, NO LIMIT
10   HAS BEEN PLACED ON MS. PANSKY'S ACCESS TO INFORMATION.  AS
11   SOON AS WE HAVE THE REPORTER'S TRANSCRIPTS IN HAND, WE WILL
12   PROVIDE MS. PANSKY WITH THE SWORN TESTIMONY OF MR. KIESEL
13   AND MR. PARADIS FROM THEIR DEPOSITIONS.
14           AS THE COURT KNOWS, MR. KIESEL HAD HIS DEPOSITION
15   TAKEN THIS PAST WEDNESDAY AND TOMORROW IS THE DATE FOR
16   MR. PARADIS'S DEPOSITION.
17           AS OF THIS WEEKEND, MY UNDERSTANDING IS THAT
18   MS. PANSKY INTENDS TO COMPLETE HER INQUIRY AND OFFER HER
19   CONCLUSIONS WITHIN TWO TO THREE WEEKS OF TODAY.  IDEALLY
20   HER REPORT WILL BE COMPLETED BEFORE THE APRIL 8 HEARING
21   THAT YOUR HONOR HAS SCHEDULED REGARDING THE APPOINTMENT OF
22   A SPECIAL MASTER/AUDITOR.  AND UPON RECEIPT, THE
23   CONCLUSIONS OFFERED BY MS. PANSKY TO THE EXTENT POSSIBLE,
24   OF COURSE, WILL IMMEDIATELY TURNED OVER TO THE COURT.  THE
25   CITY ATTORNEY ALSO INTENDS TO MAKE THOSE CONCLUSIONS
26   PUBLIC.
27           THE NEXT POINT, YOUR HONOR, IS I WANTED TO ADDRESS
28   THE ISSUE OF THE APPOINTMENT OF A SPECIAL MASTER OR AUDITOR

Exhibit 1
Page 16

Page 7

1  BRIEFLY.
2         AS THE COURT WILL RECALL, YOUR HONOR ON MARCH 4
3  INVITED THE PARTIES TO CONSIDER THAT QUESTION.  THE CITY
4  HAS NOT ONLY EMBRACED, BUT PROPOSED THE EXPANSION OF, SUCH
5  AN INQUIRY.  ON MARCH 15 WE FILED WITH THE COURT A
6  SUBMISSION THAT SPECIFICALLY STATED "IN ADDITION TO THE
7  COURT'S VIEWS THAT THE MASTER/AUDITOR SHOULD HAVE THE
8  CAPACITY TO INQUIRE INTO ISSUES CONCERNING PAYMENT TO JACK
9  LANDSKRONER, PAUL PARADIS AND ENTITIES IN WHICH EITHER HAS
10 AN INTEREST."
11        THE CITY BELIEVES THAT THE MASTER/AUDITOR SHOULD
12 ALSO BE EMPOWERED TO INQUIRE INTO ANY MATTER RELATED TO THE
13 UNDERLYING JONES SETTLEMENT THAT THE COURT OR THE
14 MASTER/AUDITOR DEEMS APPROPRIATE.
15        SO, YOUR HONOR, THERE IS OF COURSE MORE TO BE DONE.
16 BUT I WANT TO CONVEY TO YOUR HONOR THAT FROM A PROCESS
17 STANDPOINT, I DON'T BELIEVE THAT THE CITY COULD BE DOING
18 MORE OR ACTING MORE QUICKLY.  AND THE STEPS THAT HAVE BEEN
19 TAKEN SHOULD ANSWER THE VERY QUESTIONS THAT THE COURT ASKED
20 THROUGH A PROCESS THAT REALLY HAS TOTAL TRANSPARENCY.
21        IN THE INTERIM, I DO WANT TO SHARE JUST FOUR BRIEF
22 SUBSTANTIVE POINTS WITH RESPECT TO WHAT, BASED ON ALL THE
23 DOCUMENTS AND TESTIMONY THAT HAS BEEN ADDUCED TODAY,
24 APPEARS TO HAVE EMERGED.
25        FIRST WE LEARNED OVER THE PAST COUPLE OF WEEKS FROM
26 TESTIMONY AND FROM DOCUMENTS PRODUCED THAT FORMER SPECIAL
27 COUNSEL HAD SHARED WITH BOTH THE CITY AND A RATEPAYER
28 PLAINTIFF A DRAFT OF A POSSIBLE RATEPAYER COMPLAINT AGAINST

Exhibit 1
Page 17

Page 27

1  COUNSEL FIRST. THESE DEPOSITIONS THAT HAVE BEEN GOING
2  FORWARD, THANK YOU TO PWC FOR ACTUALLY DOING THIS WORK, BUT
3  THE CLASS HAS NOT BEEN REPRESENTED AT THESE DEPOSITIONS.
4       THE CLASS HAS NOT BEEN REPRESENTED AT ALL AND THAT
5  IS WHY WE NEED TO HAVE THAT FIRST AND FOREMOST DONE.
6       IT MAY WELL BE THAT THE CITY ATTORNEY'S OFFICE
7  SHOULD NOT BE HANDLING THIS MATTER AT ALL, THAT THE
8  ATTORNEY GENERAL'S OFFICE SHOULD BE HANDLING IT PURSUANT TO
9  THE PROCEDURES IN PLACE TO HANDLE CONFLICTS OF INTEREST.
10 WE NEED TO EXPLORE THAT, AND WE CERTAINLY NEED TO SEE WHAT
11 ACTUALLY OCCURRED IN IMPLEMENTATION IN THE SETTLEMENT TO
12 SEE WHETHER OR NOT THERE ARE ANY PROBLEMS, BUT NOBODY CAN
13 DO THAT UNTIL CLASS COUNSEL IS APPOINTED.
14      THE COURT: LET ME JUST SAY THIS WHETHER OR NOT
15 CLASS COUNSEL IS APPOINTED BY APRIL 10, THAT THE COURT DOES
16 AUTHORIZE COUNSEL WHO HAVE INVOLVEMENT IN THIS LITIGATION,
17 I KNOW CLASS COUNSEL HERE FROM THE RELATED LAWSUITS ARE
18 FAMILIAR WITH THE CASE, I AM GOING TO AUTHORIZE COUNSEL TO
19 FILE PAPERS IN CONNECTION WITH MR. LANDSKRONER'S MOTION TO
20 WITHDRAW.
21      SO AGAIN, WHETHER OR NOT COUNSEL HAS BEEN APPOINTED
22 TO REPRESENT THE CLASS, COUNSEL WILL BE AUTHORIZED TO FILE
23 PAPERS AND VOICE THEIR OPINIONS WITH RESPECT TO WHETHER
24 MR. LANDSKRONER'S MOTION TO WITHDRAW SHOULD BE GRANTED.
25      MR. BLOOD: AND THEN, YOUR HONOR, WITH REGARD TO
26 THE HEARING ON OUR MOTION FOR APPOINTMENT OF CLASS COUNSEL.
27      THE COURT: I'LL SCHEDULE IT FOR MAY. I WANT TO
28 CONSIDER WHETHER IT SHOULD BE OPENED UP AND GIVE OTHER

Exhibit 1
Page 18

Page 28

1  COUNSEL AN OPPORTUNITY TO SUBMIT AN APPLICATION, SO I WANT
2  TO CONSIDER WHETHER THERE SHOULD BE SORT OF NOTICE, GENERAL
3  NOTICE TO THE BAR ABOUT THAT.
4         I DO WANT TO ASK COUNSEL -- I'LL COME BACK TO THIS
5  LATER.
6         ANY OTHER ISSUES, MR. GEORGE, YOU WANT TO RESPOND?
7         MR. ISAACS:  THANK YOU, YOUR HONOR.  AGAIN, JEFFREY
8  ISAACS ON BEHALF OF MR. JONES.
9         MR. JONES, BOTH INDIVIDUALLY AND AS CLASS
10 REPRESENTATIVE, IS VERY CONCERNED ABOUT WHAT THE CITY IS
11 DOING AND WHAT THEY ARE SAYING PUBLICLY ABOUT THIS MATTER.
12        THE PROPER PROCEDURE WITHIN THE CITY ATTORNEY'S
13 OFFICE TO DEAL WITH A PROBLEM SUCH AS THIS IS TO REFER IT
14 EITHER TO THE ETHICS COMMISSION WITHIN THE CITY OF LOS
15 ANGELES, WHICH WOULD HANDLE THESE TYPES OF ISSUES, OR
16 DECLARE A CONFLICT AND REFER IT TO THE CALIFORNIA ATTORNEY
17 GENERAL'S OFFICE.
18        IN ADDITION, THERE IS AN INTERNAL ETHICS ATTORNEY
19 NAMED RENE STADEL AT THE CITY ATTORNEY'S OFFICE WHO WOULD
20 DEAL WITH THIS.  MS. PANSKY WOULD TYPICALLY BE BROUGHT INTO
21 A SITUATION LIKE THIS NOT TO DO SOME TYPE OF INDEPENDENT
22 INVESTIGATION FOR THE COURT, BUT TYPICALLY THIS WOULD
23 INVOLVE AN INVESTIGATION FOR POTENTIAL INTERNAL
24 DISCIPLINARY MATTERS.
25        NOW I SAY THIS HAVING BEEN THE CHIEF OF THE
26 CRIMINAL DIVISION OF THE CITY ATTORNEY'S OFFICE FOR SIX
27 YEARS.  SO I AM FAMILIAR WITH THE INTERNAL PROCEDURES AND
28 THAT WAS --

Exhibit 1
Page 19

1    THE COURT: IN WHOSE ADMINISTRATION?

2    MR. ISAACS: THAT WAS MR. DELGADILLO AND THEN ONE
3  YEAR WITH MR. TRUTANICH SO THAT WAS WELL BEFORE MR. FEUR
4  TOOK OFFICE. I LEFT AND STARTED THE FIRM THAT I'M
5  CURRENTLY ONE OF THE FOUNDING PARTNERS OF.

6    THERE ARE ALL SORTS OF CONFLICTS OF INTEREST HERE
7  INVOLVING THE CITY. AND WHEN YOU SEE WHAT THE CITY IS
8  SAYING PUBLICLY AND DISAVOWING ANY POTENTIAL WRONGDOING
9  HERE, IT IS OF GREAT CONCERN I THINK TO EVERYBODY, AND
10  OBVIOUSLY TO THE COURT.

11    AND LIKE THE COURT, MR. JONES, WHO THE COURT HAS
12  ALREADY FOUND WAS A VICTIM OF FRAUD IN THIS INSTANCE, AND
13  IT IS REALLY AMAZING HOW --

14    THE COURT: I HAVE NOT MADE ANY FINDINGS IN THIS
15  CASE YET.

16    MR. ISAACS: I'M JUST TALKING ABOUT YOUR HONOR'S
17  FINDING AS TO THE DRAFT COMPLAINT.

18    THE COURT: I JUST MADE A STATEMENT ABOUT A PRIMA
19  FACIE CASE.

20    MR. ISAACS: AND THAT IS EXACTLY WHY MR. JONES
21  REMAINS CONCERNED BECAUSE HIS NAME KEEPS POPPING UP IN THE
22  CONTEXT OF WHAT APPEARS TO BE A POTENTIAL FRAUD AND AS
23  MR. BLOOD SAID, A SETTLEMENT THAT WAS REACHED POTENTIALLY
24  THROUGH COLLUSION AND FRAUD.

25    IN ADDITION, WITH RESPECT TO THE POINTS RAISED BY
26  MR. GEORGE, AND I UNDERSTAND HE IS JUST COMING INTO THIS
27  CASE, BUT I WAS PRESENT AT MR. CLARK'S DEPOSITION WHICH WAS
28  A RATHER JAW-DROPPING RENDITION OF WHAT HAPPENED HERE.

Exhibit 1
Page 20

Page 30

1    AND MR. CLARK WAS VERY CLEAR THAT HE WAS AWARE AND
2    THE CITY ATTORNEY'S OFFICE WAS AWARE OF THIS DUAL
3    REPRESENTATION PRIOR TO APRIL 1, 2015, WHEN THE JONES
4    VERSUS DWP CASE WAS FILED, SO I THINK THAT UNDERCUTS A LOT
5    OF WHAT MR. GEORGE JUST SAID.
6         IN ADDITION, MR. GEORGE INDICATED THERE WAS NO
7    EMPLOYEE OF THE CITY WHO WAS FAMILIAR WITH WHAT WAS GOING
8    ON, AND I APOLOGIZE IF I PARAPHRASED HIM INCORRECTLY.
9         BUT THE OTHER THING I THINK THE COURT HAS TO
10   UNDERSTAND HERE IS THAT WHEN THE CITY RETAINS COUNSEL ON A
11   CONTINGENCY BASIS, AS THEY DID WITH MR. PARADIS AND
12   MR. KIESEL, THERE IS A CALIFORNIA SUPREME COURT DECISION
13   CALLED ATLANTIC RICHFIELD VERSUS SANTA CLARA WHICH LAYS OUT
14   THE REQUIREMENTS FOR THE CITY TO MONITOR SPECIAL COUNSEL.
15        AND BASICALLY THE CITY HAS TO RETAIN CONTROL OF THE
16   CASE AND THAT THE SPECIAL COUNSEL REPORTS TO THE CITY.  SO,
17   AGAIN, EITHER THE CITY SOMEHOW, I SHOULDN'T BE SAYING THE
18   CITY, THE L. A. CITY ATTORNEY'S OFFICE, EITHER SOMEHOW
19   DISREGARDED WHAT WAS HAPPENING DELIBERATELY, SO BY NOT
20   FOLLOWING THE PROCEDURES OF ATLANTIC RICHFIELD VERSUS SANTA
21   CLARA COUNTY, OR THEY WERE IN VIOLATION OF THE
22   REQUIREMENTS.
23        AND IN FACT I BELIEVE THOSE REQUIREMENTS ARE SET
24   FORTH IN THE CONTRACT BETWEEN THE CITY OR THE CITY
25   ATTORNEY'S OFFICE AND MR. PARADIS AND MR. KIESEL AS SPECIAL
26   COUNSEL.  SO WE HAVE ANOTHER SITUATION WHERE WHAT THE CITY
27   IS SAYING, OR THE CITY ATTORNEY'S OFFICE IS SAYING, DOES
28   NOT ADD UP.

Exhibit 1
Page 21

Page 36

```
 1   IN FULL IN CONNECTION WITH THE OVERCHARGING ALLEGATIONS?
 2            MS. ANNAGUEY:  YES, YOUR HONOR.
 3            THE CREDITS AND THE REFUNDS THAT HAVE BEEN
 4   IDENTIFIED HAVE BEEN PAID OUT.  WE'RE STILL RECEIVING
 5   CLAIMS AND THERE ARE APPEALS TO THE SPECIAL MASTER; SHE HAS
 6   BEEN REVIEWING THEM AND A FINAL REPORT, PER YOUR HONOR'S
 7   REQUEST, FROM THE SPECIAL MASTER WILL BE PRESENTED.
 8            THUS FAR THERE ARE FIVE RATEPAYERS WHO ARE FURTHER
 9   APPEALING THE SPECIAL MASTER'S DECISION WHICH WILL BE
10   PRESENTED TO THE COURT FOR A FINAL DECISION.
11            THE COURT:  THANK YOU.  JUST AS A MATTER OF
12   PRECAUTION, I'LL ASK THE QUESTION.
13            DOES ANYONE KNOW OF ANY RELATIONSHIP BETWEEN THE
14   SPECIAL MASTER AND ANY PARTIES OR ATTORNEYS IN THIS CASE?
15            MS. ANNAGUEY:  AGAIN, YOUR HONOR, WITH RESPECT TO
16   THE LINER FIRM AND THE ATTORNEYS WHO WENT TO BROWNE GEORGE
17   ROSS, WE HAD NO PRIOR RELATIONSHIP WITH THE SPECIAL MASTER
18   BEFORE THIS CASE.
19            THE COURT:  THANK YOU.
20            MR. LANDSKRONER:  THAT IS TRUE AS WELL FOR ME, YOUR
21   HONOR.
22            THE COURT:  THANK YOU.
23            MR. THOMASCH:  BRIEFLY, YOUR HONOR, WE CERTAINLY
24   HAVE NO OBJECTION TO MS. PANSKY DOING WHATEVER SHE DOES
25   INTERNALLY ON BEHALF OF THE CITY THAT IS THE CITY'S
26   PREROGATIVE TO DO SO.
27            BUT IF SHE IS GOING TO MAKE HER FINDINGS PUBLIC, WE
28   WOULD ASK SHE PRESERVE ALL HER NOTES OF HER INTERVIEWS WITH
```

Exhibit 1
Page 22

1  THE RELEVANT PARTIES BECAUSE IF THAT EVIDENCE IS SOMETHING
2  THAT MR. GEORGE SUGGESTS SHOULD BE TURNED OVER TO THE
3  AUDITOR, AND ULTIMATELY THE COURT, THEN WE CERTAINLY HAVE A
4  RIGHT TO UNDERSTAND HOW THOSE JUDGMENTS CAME TO BE, SO WE
5  WOULD LOOK AT THAT.
6      WE HAVE NO DISPUTE, WE HAVE NO OBJECTION TO
7  MS. PANSKY DOING WHATEVER INTERNALLY SHE MAY DO.  AND WE
8  WILL BE SUPPORTIVE OF THE COURT'S ORDER TO SHOW CAUSE
9  REQUEST, AND WE WILL BE LOOKING FOR AN AUDITOR TO BE
10 APPOINTED.
11     IT IS VERY IMPORTANT THAT THE NOTION THAT SOMEHOW
12 WE'RE A DEFENDANT IN A CASE MEANS WE SHOULDN'T BE LOOKING
13 INTO THIS HAS IT COMPLETELY BACKWARDS.  IT'S BECAUSE WE'RE
14 A DEFENDANT IN THE CASE WE HAVE EVERY NEED TO DO SO.
15     ON AUGUST 7, 2015, WITH LIGHTNING SPEED A
16 SETTLEMENT IN PRINCIPLE WAS REACHED IN THE LAWSUIT OF JONES
17 VERSUS CITY OF LOS ANGELES FILED AN APRIL 1.  ON THAT
18 AUGUST 7 DAY, THE CITY ATTORNEY'S OFFICE PUT OUT A PRESS
19 RELEASE AND MR. LANDSKRONER'S OFFICE PUT OUT A PRESS
20 RELEASE, AND THEY ARE BEAUTIFULLY IN TANDEM.
21     AND THEY BOTH GO OUT OF THEIR WAY TO SAY THAT
22 EVERYTHING, EVERYTHING THAT THE CITY WAS PAYING OUT IN
23 CONNECTION WITH THE JONES CASE WAS GOING TO BE RECOVERABLE
24 FROM PWC.
25     REMARKABLE THAT MR. LANDSKRONER HIMSELF MAKES THAT
26 STATEMENT AT THE END OF HIS OFFICE'S PRESS RELEASE.  AND SO
27 THIS COLLUSIVE SETTLEMENT HAD MANY PURPOSES, BUT ONE OF
28 WHICH WAS TO PREPACKAGE THE DAMAGE CLAIMS AGAINST PWC.  AND

Exhibit 1
Page 23

Page 42

1  WHETHER THERE WERE OTHERS AT THE CITY AND DEPARTMENT WHO

2  HAD ANY PRIOR RELATIONSHIPS WITH THE SPECIAL MASTER.

3      THE COURT: ALL RIGHT. NOW WE CONTINUE THIS

4  HEARING OR HAVE A FURTHER STATUS CONFERENCE ON THESE CASES

5  TOMORROW MORNING THAT WILL BE AT 11:00 O'CLOCK TOMORROW

6  MORNING.

7      AND ASK COUNSEL FOR THE CITY TO GIVE NOTICE AND

8  POST IT ON THE WEBSITE.

9      THANK YOU, HAVE A GOOD DAY.

10     MR. THOMASCH: THANK YOU, YOUR HONOR.

11

12     (END OF PROCEEDING.)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1
Page 24

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                     FOR THE COUNTY OF LOS ANGELES
 3                         SPRING STREET COURTHOUSE
 4    DEPARTMENT SSC6              HON. ELIHU M. BERLE, JUDGE
 5    ANTWON JONES,                 )
                                    )
 6                                  )
                     PLAINTIFF,     )
 7    VS.                           ) CASE NO. BC577267
                                    ) REPORTER'S CERTIFICATE
 8    CITY OF LOS ANGELES,          )
                                    )
 9                     DEFENDANT.   )
      _____)
10
                                    )
11    CITY OF LOS ANGELES,          )
                                    )   CASE NO. 574690
12                     PLAINTIFF,   )
                                    )
13    VS.                           )
                                    )
14    PRICEWATERHOUSECOOPERS LLP,   )
                                    )
15                     DEFENDANT.   )
      _____)
16
17
18         I, ANITA B. ALDERSON, OFFICIAL COURT REPORTER PRO
19    TEMPORE OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,
20    FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE
21    FOREGOING PAGES, 1 THROUGH 42, COMPRISE A TRUE AND CORRECT
22    TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE ABOVE-ENTITLED
23    CAUSE ON MONDAY, MARCH 18, 2019.
24
25                         DATED THIS 20TH DAY OF MARCH, 2019.
26
27                         _____,CSR 11843
28                              ANITA B. ALDERSON
```

Exhibit 1
Page 25