Jeffrey B. Isaacs (SBN 117104)
Adam Kargman (SBN 212109)
Janine F. Cohen (SBN 203881)
**ISAACS | FRIEDBERG LLP**
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Phone: (213) 929-5550
Facsimile: (213) 955-5794
Email: jisaacs@ifcounsel.com
jcohen@ifcounsel.com
akargman@ifcounsel.com

*Attorneys for Plaintiff Antwon Jones*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWON JONES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>　　　　Defendants. | Case No. 2:20-CV-11502-VAP-JCx<br><br>Hon. Virginia A. Phillips<br>Magistrate Judge Jacqueline Chooljian<br><br>**AMENDED JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 26-1**<br><br>Complaint filed: Dec. 21, 2020<br>FAC filed: July 9, 2021<br>Trial date: None set |

**PARTIES' AMENDED JOINT REPORT**

On December 20, 2021, counsel for Plaintiff Antwon Jones ("Plaintiff") and Defendant City of Los Angeles (the "City") (collectively, the "Parties") met and conferred telephonically pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and this Court's order dated November 10, 2021. The Parties, along with other defendants who have since been dismissed, previously met and conferred on July 13, 2021. The Parties hereby submit this Amended Joint Report based upon the discussions of their counsel on December 20, 2021.

The Parties reserve their rights to revise and supplement this report and their respective positions herein.

## I.   DISCOVERY PLAN UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)(3).

**A.   Changes in the Timing, Form, or Requirements of Initial Disclosures.**

Pursuant to the Court's April 6, 2021 Order (Dkt. No. 33, p. 2), the Parties exchanged their initial disclosures on August 10, 2021.

**B.   Subjects on Which Discovery May be Needed, When Discovery Should be Completed and Whether Discovery Should be Conducted in Phases or be Limited to or Focused on Particular Issues.**

*1.   Plaintiff's Statement.*

    a.   **Subjects on Which Discovery May be Needed.**

Plaintiff anticipates the need for conducting discovery with regard to at least the following subjects:

- The conduct of attorneys within the Los Angeles City Attorney's Office ("LACAO") and others, including Paul Paradis ("Paradis"), Gina Tufaro ("Tufaro"), Paul Kiesel ("Kiesel"), Jack Landskroner ("Landskroner") and Michael Libman ("Libman"), related to the filing and settlement of *Jones v. City of Los Angeles, et al.*, Los Angeles Superior Court Case No. BC577267 ("*Jones v. City*"), and subsequent acts to cover-up and conceal the collusive settlement and fraud

against the court and Plaintiff.

- The City's policies for the hiring and supervision of special counsel to represent the City as a plaintiff in civil litigation between December 2014 and March 2019.

- The conduct of attorneys within the LACAO and others, including Paradis and Kiesel, relating to the filing, litigation and dismissal of *City of Los Angeles v. Pricewaterhouse Coopers, LLP, et al.*, Los Angeles Superior Court Case No. BC574690 ("*City v. PwC*"), including the LACAO's discovery abuses and efforts to cover-up the attorney misconduct involving *Jones v. City*.

- Potential causes of action Plaintiff had against Paradis and Kiesel, and the City undermining Plaintiff's state law remedies for their malfeasance.

- Potential causes of action Plaintiff had against the City, and any of their agents or employees, and the City undermining Plaintiff's state law remedies for Defendant's malfeasance.

- The LACAO's knowledge of special counsel's representation of the Plaintiff in the *Jones v. City* litigation.

- Any actions taken or discussed by the LACAO upon receipt of the letter sent by attorney Timothy Blood to Michael Feuer copying James Clark on or about June 26, 2015.

- Efforts by the LACAO to shift blame for its own illegal and unethical conduct in *Jones v. City* and *City v. PwC* to Paradis, Kiesel and others.

- The LACAO's hiring of Ellen Pansky ("Pansky") and the preparation, issuance and publication of her so-called ethics report.

- The payment of attorney's fees in connection with the settlement of *Jones v. City* to Landskroner, Landskroner Grieco Merriman, LLC, Libman, and the Law Offices of Michael J. Libman in connection with the settlement of *Jones v. City*, including representations made to Los Angeles County Superior Court Judge Elihu M. Berle to obtain approval for those payments, and the disposition of funds

1  paid.

2  • The resignation and/or termination of special counsel in connection
3  with the *Jones v. City* and *City v. PwC* litigation.

4  • The Los Angeles Department of Water and Power's ("LADWP")
5  award of contracts to Paradis, Paradis Law Group, Aventador Utility Systems, LLC
6  and Ardent Cyber Solutions, LLC; payments made by LADWP to Paradis and those
7  entities; and the disposition of the funds paid.

8  **b.     When Discovery Should be Completed.**

9  As set forth in the Schedule of Pretrial and Trial Dates (**Exhibit A**), Plaintiff
10 proposes that all discovery be completed by November 23, 2022, approximately 90
11 days before trial, including service of all responses to written discovery requests,
12 completion of all depositions and the hearing and resolution of all motions regarding
13 discovery.

14 **c.     Whether Discovery Should be Conducted in Phases or**
15 **Limited.**

16 The parties had previously agreed to postpone serving discovery prior to the
17 hearing on Defendant's Motion to Dismiss the First Amended Complaint ("FAC"),
18 which was decided on October 6, 2021.  Now that Defendant's Motions to Dismiss
19 has been decided, Plaintiff is proceeding with serving written discovery and noticing
20 depositions.

21 The scope of discovery should be governed by Rule 26(b)(1).  There is no
22 reason to conduct discovery in phases.

23 **2.     Defendant's Statement.**

24 **a.     Subjects on Which Discovery May Be Needed.**

25 As explained herein, the City contends that discovery should be stayed
26 because the City intends to promptly file a summary judgment motion for which it
27 needs no discovery and which will resolve this case.  Thus, the case and trial
28 schedule also need not yet be set.  Plaintiff's own admissions and sworn statements,

which are admissible under the Federal Rules of Evidence but could not be raised in the City's pleadings motion, confirm that there is no genuine dispute of material fact that Plaintiff's only claim remaining in this case is meritless and barred.

But in the event discovery is eventually needed in this case, the City anticipates it would need to conduct discovery regarding at least the following subjects: Plaintiff's retention of, and representation by, counsel in this matter, the *Jones v. City* class action, and the Paradis bankruptcy proceeding, as well as any fee-sharing agreements; Plaintiff's contentions in connection with the claim for violation of 42 U.S.C. § 1983 regarding the underlying claims against Paradis and the City; Plaintiff's underlying claims against Paradis and the City, as well as the application of the statute of limitations, laches, and other limitations and defenses; Plaintiff's knowledge and notice of potential state-law claims against Paradis and the City; Plaintiff's claims, relief sought, and arguments made and available in the Paradis bankruptcy proceeding; Plaintiff's acceptance of the *Jones v. City* class action settlement; and Plaintiff's purported damages.

    **b.**  **When Discovery Should be Completed.**

The discovery cutoff should be set, if at all, after this Court hears and decides the City's initial motion for summary judgment and after the discovery stay is lifted.

In the event the Court prefers to set dates and deadlines now, rather than after the City's initial motion for summary judgment is decided, the City proposes a February 21, 2023 trial date and the following dates that are set forth in the Schedule of Pretrial and Trial Dates (**Exhibit A**): September 16, 2022 fact discovery cutoff; September 23, 2022 initial expert disclosure deadline; October 24, 2022 rebuttal expert disclosure deadline; and November 16, 2022 expert discovery cutoff.

    **c.**  **Whether Discovery Should be Conducted in Phases or Limited.**

Plaintiff's entire case is subject to summary judgment right now based on his own admissions and sworn statements, which the City could not present to this

1  Court in its Rule 12(b)(6) motion to dismiss.  For this reason, the City intends to file
2  an initial motion for summary judgment that should be decided before discovery
3  commences in this case and subjects the City, as well as its employees and
4  attorneys, and countless non-parties to Plaintiff's extensive discovery requests when
5  there is no genuine dispute now that Plaintiff's sole claim in this case is barred.
6  Discovery should be stayed until the City's initial motion for summary judgment is
7  decided.
8        A stay will substantially benefit the parties, non-parties, and this Court.
9  Plaintiff's proposed discovery plan confirms that he intends to pursue overbroad
10  discovery encompassing documents going back to 2014 concerning the City's
11  litigation of multiple class actions and civil actions in Los Angeles Superior Court,
12  as well as the City's previous contracts with non-parties related to billing
13  remediation and cyber security consultants.  Plaintiff's sights are also on documents
14  and testimony from several of the City's attorneys, which are subject to various
15  privileges and protections.  Further, Plaintiff's discovery plan encompasses
16  discovery about and from non-parties who are the subject of bankruptcy and
17  criminal proceedings pending in federal courts in the District of Arizona and the
18  Central District of California.
19        It is clear that Plaintiff's discovery efforts in this case will be unduly
20  burdensome and trigger various discovery disputes with the City and non-parties
21  that will be expensive and laborious for the parties to sort out and brief to the Court
22  in discovery motions and for the Court to subsequently decide.  These needless
23  expenditures of judicial resources can be avoided if this Court stays discovery while
24  the City's initial motion for summary judgment is quickly briefed and decided in the
25  Spring of 2022.
26  //
27  //
28  //

**C.     Issues About Disclosure, Discovery, or Preservation of Electronically Stored Information ("ESI").**

*1.     Plaintiff's Statement.*

The Parties should preserve all ESI that may be relevant to the matters at issue in this lawsuit, including, but not limited to, electronically stored documents, records, compilations, spreadsheets, reports, schedules, calendars, presentations, photographs, video and audio recordings, internet usage data and emails, text messages and other forms of electronic communication and messaging. The Parties should also preserve all devices and hardware that contain potentially relevant data. Plaintiff requests that ESI be produced in a manner that is readily uploaded and ingested into the DISCO discovery platform.

To the extent any current or former City officials used their personal cell phones, computers, or other electronic devices to conduct City business, those devices and their contents should, of course, be preserved. The list of such officials would include, but is in no way be limited to: Joseph Brajevich, Dirk Broersma, Richard Brown, James Clark, Deborah Dorny, Marcie Edwards, Michael Feuer, William Funderburk, Mel Levine, Thomas Peters, Eskel Solomon, Richard Tom, Rob Wilcox, Gwendolyn Williams and David Wright.

*2.     Defendant's Statement.*

The City does not anticipate any issues relative to the disclosure or discovery of its electronically stored information, subject to, *inter alia*, the limitations imposed by Federal Rule of Civil Procedure 26 and all applicable objections, privileges, and protections.

**D.     Issues About Claims of Privilege or of Protection as Trial-Preparation Materials.**

*1.     Plaintiff's Statement.*

Few if any documents and communications relevant to Plaintiff's claims are subject to a valid claim of attorney-client privilege, work product protection, the

mediation privilege, or any other privilege or protection.

*First*, many issues with respect to the attorney-client privilege, work product protection, common interest doctrine and mediation privilege were already resolved in *Jones v. City* and *City v. PwC* by Judge Berle. Among other things, Judge Berle determined that the attorney-client privilege had been waived or that the crime-fraud exception was applicable to a broad swath of relevant documents and communications. Judge Berle also ruled that the mediation privilege did not apply because the mediation in *Jones v. City* was a "charade." These rulings are final and were never appealed.

*Second*, the Special Master appointed by Judge Berle likewise determined that *Jones v. City* was a "sham lawsuit" and that the mediation was "a staged sham," further eroding any basis for the assertion of a privilege or protection with respect to documents and communications relevant to Plaintiff's claims.

*Third*, the LACAO publicly released Pansky's so-called ethics report, and Feuer and the LACAO have publicly commented about its preparation and the validity of her findings and conclusions on numerous occasions, thereby waiving any privilege or protection otherwise applicable to the report or its preparation, issuance, or publication.

*Finally*, the LACAO has voluntarily waived the attorney-client privilege and work product protection with respect to other materials relevant to Plaintiff's claims.

**2.  Defendant's Statement.**

Plaintiff's description of what previously took place regarding privilege issues is incomplete and misleading. The City's privilege waivers to date have been limited; the parties to the state court cases expressly agreed that the limited disclosures made in those cases would not be more broadly construed as a waiver. Further, there remain a substantial number of relevant documents that are protected by privileges held by the City. The City anticipates the Parties will prepare and file a stipulation for protective order, which will govern the production of discovery and

include a "claw back" provision under Federal Rule of Evidence 502 for any inadvertent production of privileged materials. The City is hopeful that Plaintiff will not improperly request and seek to use documents and information that are protected by privileges including the attorney-client privilege, work-product privilege, and mediation privilege. The City will meet and confer and try to resolve any potential discovery issues amicably, but will file motions for protective orders if warranted and necessary.

E. **Limitations on Discovery and Other Modifications to the Discovery Rules.**

　　1. *Plaintiff's Statement.*

As noted above, the Parties agreed to delay serving discovery until after the hearing on Defendants' motions to dismiss the FAC. Discovery should now proceed.

Plaintiff had proposed that depositions taken in *City v. PwC* be used in this action as if they had been taken herein, but that the Parties not be precluded from taking depositions of the same individuals in this action, should it become necessary. The Parties have not been able to reach an agreement with respect to those depositions but have agreed to continue to meet and confer in that regard. It is too early in the litigation to determine if Plaintiff will need to take more than the 10 depositions permitted by Rule 30(a)(2)(A)(i).

　　2. *Defendant's Statement.*

Plaintiff's proposed discovery plan confirms that he intends to pursue an overbroad discovery strategy encompassing documents going back to 2014 concerning the City's litigation of multiple class actions and civil actions in Los Angeles Superior Court, as well as past contracts between the City and non-parties related to billing remediation and cyber security consultants. Plaintiff's discovery plan also encompasses discovery about and from several attorneys, whose documents and testimony are subject to various privileges and protections, and from

non-parties who are the subject of bankruptcy and criminal proceedings pending in federal courts in the District of Arizona and the Central District of California. Even more, Plaintiff has already sought to rely on 33 entire deposition transcripts taken in other cases without foreclosing the possibility of re-deposing all of those witnesses in this case and without limiting Plaintiff's efforts to depose more potential witnesses, including third parties, in this action. And yet, Plaintiff's entire case is subject to summary judgment right now based on his own admissions and sworn statements, which the City could not present to this Court in its Rule 12(b)(6) motion to dismiss.

Accordingly, the City intends to file an initial motion for summary judgment that should be decided before discovery commences in this case and subjects the City, as well as its employees and attorneys, and countless non-parties to Plaintiff's broad discovery requests when there is no genuine dispute that Plaintiff's sole claim in this case is barred. The City proposes that discovery should be stayed until the City's initial motion for summary judgment is decided.

Further, the City contends that no increase to the ten-deposition limit that Federal Rule of Civil Procedure 30(a)(2) imposes is warranted in this case, particularly because, *inter alia*, there can be no "particularized showing" to support a deviation from the presumptive limit. *See, e.g.*, *Aerojet Rocketydyne, Inc. v. Global Aerospace, Inc.*, No. 2:17-cv-1515, 2019 WL 1437767, at *2 (E.D. Cal. Apr. 1, 2019) ("A party seeking leave of court to exceed 10 depositions must make a 'particularized showing' why the discovery is necessary under Rule 26.").

### F. Other Orders.

#### 1. *Plaintiff's Statement.*

Plaintiff is prepared to meet and confer regarding the scope of any protective order Defendant may propose pursuant to Federal Rule of Civil Procedure 26(c).

#### 2. *Defendant's Statement.*

The City anticipates protective orders will be necessary for discovery and to

bar Plaintiff from seeking and using irrelevant or privileged information and documents. The City is prepared and willing to meet and confer regarding the scope of the protective orders after its initial motion for summary judgment is decided.

## II. MATTERS SPECIFIED IN LOCAL RULE 26-1.

### A. Complexity of Case.

The parties agree that this case is not of sufficient complexity to merit use of the Manual on Complex Litigation.

### B. Contemplated Dispositive or Partially Dispositive Motions.

#### 1. Plaintiff's Statement.

Plaintiff intends to file a motion for summary judgment or summary adjudication depending on what is revealed during discovery. At this juncture, Plaintiff believes the normal time limit for filing motions for summary judgment – i.e., any time until 30 days after the close of all discovery – should apply. *See* Fed. R. Civ. P. 56(b). Such dates are reflected in Plaintiff's portion of **Exhibit A**.

#### 2. Defendant's Statement.

The City anticipates filing, and seeks a court order permitting it to file, two motions for summary judgment in this case: one initial motion before discovery commences based on facts and evidence (including Plaintiff's own admissions and sworn statements) that the City could not present to the Court in a pleadings motion, and the second after the close of discovery, if necessary. An order permitting the City to file up to two motions for summary judgment, including one before discovery commences, would help the parties, non-parties, and the Court avoid expending substantial judicial resources that Plaintiff's overbroad discovery plan would demand, particularly when there can be no genuine dispute that Plaintiff's claim fails. Indeed, a discovery stay would minimize costs and preserve resources by streamlining the litigation and steering clear of unnecessary discovery disputes and motion practice. The City proposes that its initial motion for summary judgment be heard in the Spring of 2022, and the deadline for post-discovery

dispositive motions be set if the City's initial motion is denied.

In the event the Court prefers to set dates and deadlines now, rather than after the City's initial motion for summary judgment is decided, the City proposes a February 21, 2023 trial date and the following dates that are set forth in the Schedule of Pretrial and Trial Dates (**Exhibit A**): the last day to amend pleadings or add parties is February 21, 2022; and the last day for hearing non-discovery motions is January 9, 2023.

C.  **ADR.**

    **1.**    *Plaintiff's Statement.*

Plaintiff is agreeable to ADR before the Magistrate Judge or a private mediator.

    **2.**    *Defendant's Statement.*

The City proposes private dispute resolution proceedings (Local Rule 16-15.4 ADR Procedure No. 3). The City requests that the deadline to complete ADR Proceedings be scheduled for a date after all dispositive motions are decided.

D.  **Trial Estimate.**

    **1.**    *Plaintiff's Statement.*

Plaintiff has demanded a jury trial. Plaintiff's trial estimate is 10 to 20 court days, depending on the ability of the parties to narrow the issues for adjudication through discovery and stipulation, as well as the situation with COVID-19 and the federal courts.

    **2.**    *Defendant's Statement.*

The City's preliminary trial estimate is no more than 10 court days, and it proposes a trial date to be set, if necessary, after the City's initial motion for summary judgment is decided. Plaintiff has demanded a jury trial. The City reserves the right to demand a jury trial should Plaintiff withdraw his request.

//

//

E.  **Additional Parties.**

    *1.  Plaintiff's Statement.*

Plaintiff does not presently anticipate adding parties.

    *2.  Defendant's Statement.*

The City does not presently anticipate adding parties. The City proposes that, given that this case has been pending for more than a year, the deadline for amending pleadings or adding parties should be February 21, 2022.

F.  **Proposed Timing of Disclosures Under Federal Rule of Civil Procedure 26(a)(2).**

    *1.  Plaintiff's Statement.*

The normal time limits set by Federal Rule of Civil Procedure 26(a)(2)(D) should apply; that is, expert disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial," or "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party . . . , within 30 days after the other party's disclosure." Accordingly, as set forth in **Exhibit A**, Plaintiff proposes expert disclosures be made by September 23, 2022, with rebuttal disclosures made by October 24, 2022.

    *2.  Defendant's Statement.*

The timing for expert disclosures and discovery should be set, if at all, after the Court hears and decides the City's initial motion for summary judgment.

In the event the Court prefers to set dates and deadlines now, rather than after the City's initial motion for summary judgment is decided, the City proposes a February 21, 2023 trial date and the following dates that are set forth in the Schedule of Pretrial and Trial Dates (**Exhibit A**): September 23, 2022 initial expert disclosure

//
//
//
//

deadline; October 24, 2022 rebuttal expert disclosure deadline; and November 16, 2022 expert discovery cutoff.

|  |  |
|---|---|
| DATED: January 3, 2022 | **ISAACS | FRIEDBERG LLP** |
|  |    */s/ Adam Kargman*<br>Jeffrey B. Isaacs, Esq.<br>Adam Kargman, Esq.<br>Janine F. Cohen, Esq.<br>*Attorneys for Plaintiff Antwon Jones* |
| DATED: January 3, 2022 | **BROWNE GEORGE ROSS O'BRIEN ANNAGUEY & ELLIS LLP**<br><br>   */s/ Jason Y. Kelly*<br>Eric M. George, Esq.<br>Guy C. Nicholson, Esq.<br>Kathryn L. McCann, Esq.<br>Jason Y. Kelly, Esq.<br>*Attorneys for Defendant City of Los Angeles* |

Respectfully Submitted,

**ATTESTATION**

I, Adam Kargman, am the ECF User whose identification and password are being used to file this Stipulation.  Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf this filing is being submitted, concur in its content and have authorized the filing.

DATED:  January 3, 2022            By:   */s/ Adam Kargman*
                                                        Adam Kargman

# EXHIBIT A

## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Matter | Plaintiff's Request | Defendant's Request | Court's Order |
|---|---|---|---|
| Trial Date (Tuesday) Jury ☒ Court ☐ Length: ___ Days | February 21, 2023 (10-20 court days) | Feb. 21, 2023 (jury; 10 court days) | |
| Pretrial Conf. L.R. 16; Hearing on Motions in Limine | January 30, 2023 | Jan. 30, 2023 | |
| Last day to conduct Settlement Conf., L.R. 16-15 | October 7, 2022 | Jan. 20, 2023 | |
| Last day for hearing non-discovery motions | January 23, 2023 | Jan. 9, 2023 | |
| All Discovery Cutoff, including hearing all discovery motions | November 23, 2022 | Sept. 16, 2022 (Fact disc. cutoff) Nov. 16, 2022 (Expert disc. cutoff) | |
| Expert Disclosure (rebuttal) | October 24, 2022 | Oct. 24, 2022 | |
| Expert Disclosure (initial) | September 23, 2022 | Sept. 23, 2022 | |
| Last day to amend pleadings or add parties | August 8, 2022 | Feb. 21, 2022 | |
| Last day for filing motion for class certification (if applicable) | N/A | N/A | N/A |
| Hearing on motion for class certification (if applicable) | N/A | N/A | N/A |
| LOCAL RULE 16-15 Settlement Choice | Outside ADR (#3) | Outside ADR (#3) | |